**UNITED STATES of America,**
**Plaintiff,**

v.

**James W. BISHOP, Patricia L. Bishop, as Taxpayers, Patricia L. Bishop d/b/a Lil Dumplin Day Care Center, Elgin and Shirley Jung, as Mortgagees, Travis County, Texas, Kerr County, Texas, and Center Point School District, Defendants.**

**No. CIV.A.SA–99–CA–885OG.**

United States District Court,
W.D. Texas,
San Antonio Division.

Aug. 18, 2000.

Jonathan R. Williams, Department of Justice, Tax Division, Dallas, TX, for plaintiff.

James Samuel Wilkins, Jacobs, Willis and Wilkins, L.L.P., San Antonio, TX, Shirley W. Warren, Travis County Attorney's Office, Austin, TX, Shelburne J. Veselka, McCreary, Veselka, etal, Austin, TX, for defendants.

## ORDER DENYING CONFIRMATION OF FORECLOSURE SALE AND REFERRING MOTION TO LIFT STAY TO BANKRUPTCY COURT

H.F. GARCIA, District Judge.

The matter before the Court is whether to confirm the foreclosure sale of Defendant Patricia L. Bishop's interest in a parcel of real property in view of her filing a voluntary bankruptcy petition under Chapter 13 of Title 11, United States Code, on the morning of the foreclosure sale. Bishop filed a timely objection [1] to confirmation of the foreclosure sale. The United States responded [2], requesting that the foreclosure sale be confirmed or, alternatively, that the bankruptcy stay be lifted or that the reference to bankruptcy court be withdrawn. Both sides have also filed replies [3]. Based on the following reasons, the Court

1. Dkt. No. 26.

2. Dkt. No. 27.

3. Dkt. Nos. 28, 29.

declines to confirm the foreclosure sale, declines to withdraw the reference and refers this matter to the bankruptcy court to determine whether the automatic stay should be lifted.

## I. Background

On November 9, 1999, the Court entered a default judgment[4] against Defendants James W. Bishop and Patricia L. Bishop for unpaid federal income taxes for the years 1989 and 1990 in the amount of $270,065.04, plus interest and additions from April 30, 1999, as provided by law. In addition, the default judgment against Patricia Bishop also included $63,071.44 in unpaid employment taxes for 1989 through 1991. On December 14, 1999, the Court issued an order of foreclosure and sale[5] providing that the United States' federal tax liens created by the default judgments be foreclosed against a parcel of real property owned by the Bishops and located at 8646 Thunderbird Drive, Austin, Travis County, Texas (the "Property")[6]. The Lil Dumplin Day Care Center, operated by Patricia Bishop, is located on the Property. In accordance with the procedure set forth in the Court's order, the U.S. Marshal advertised the Property for sale, and set the foreclosure sale for March 7, 2000, between the hours of 10:00 a.m. and 2:00 p.m. on the steps of the Travis County Courthouse. The Government asserts that the Marshal scheduled the sale for March 7, 2000, in order to give Patricia Bishop extra time to notify customers of the day care center that it would be closing[7].

At 8:03 a.m. on March 7, 2000, the morning of the foreclosure sale, Patricia Bishop filed a Chapter 13 bankruptcy petition in her individual capacity, as well as Patricia Bishop d/b/a Lil Dumplin Day Care Center[8]. The foreclosure sale proceeded as scheduled, and the two lots making up the Property were sold for more than the minimum bids at approximately 10:00 a.m.[9] Patricia Bishop timely filed her objection to the confirmation of the foreclosure sale at 11:51 a.m. on the day of the sale, March 7, 2000.[10] The United States has responded, asserting that Bishop filed bankruptcy in bad faith for the purpose of subverting this Court's order of foreclosure and sale. The United States urges the Court to confirm the foreclosure sale or, alternatively, to lift the automatic bankruptcy stay with respect to the Property under 11 U.S.C. § 362(d) or withdraw the reference of this matter from the bankruptcy court's jurisdiction under 28 U.S.C. § 157(d).

## II. Analysis

The central thrust of the United States' position is that Bishop should not be permitted to subvert the Court's foreclosure

---

4. Dkt. No. 17, 18.

5. Dkt. No. 21.

6. The legal description of the Property contained in the order of foreclosure and sale is: "Lots 9 and 10, West Oaks Section 2, a subdivision in Travis County, Texas, according to the map or plat thereof as recorded in Plat Book 18, Page 8, Travis County Plat Records."

7. The United States also asserts in its response to Bishop's objection to confirmation of the foreclosure sale that the Marshal graciously gave Bishop two additional extensions of time to close the day care business and to remove items from the premises. Dkt. No. 27 at Para. 7.

8. Dkt. No. 25.

9. The United States represents that the Marshal's office received a fax consisting of a letter from Patricia Bishop's bankruptcy attorney and the cover page of Bishop's bankruptcy petition at 8:38 a.m. on March 7, 2000, but did not receive a fax of Bishop's Notice of Voluntary Bankruptcy filing until approximately 2:00 p.m. that day.

10. Dkt. No. 26.

order, and delay the Government's collection of the tax debt, by filing bankruptcy at the last minute after she has had ample opportunity to challenge the tax debt during the IRS audit, in the original federal proceeding and on appeal, all of which she chose not to do. The United States essentially claims Bishop's bankruptcy petition was filed in bad faith and constitutes abuse of the bankruptcy process, and, therefore, the foreclosure sale should be confirmed. In support, the Government cites the fact that the petition was filed on the morning of the foreclosure sale and was incomplete because it failed to contain a schedule of creditors. The Government also notes that Patricia Bishop previously attempted to discharge her tax debts in a 1996 bankruptcy proceeding. According to the Government, Bishop filed a Chapter 13 reorganization petition in November 1996, which was converted to a Chapter 7 liquidation proceeding in July 1998, when Bishop failed to respond to the Government's discovery requests. The bankruptcy court ultimately dismissed Bishop's Chapter 7 proceeding on October 13, 1998, after she failed to appear for a creditors' meeting [11]. The United States provides the Court with three theories under which it can confirm the foreclosure sale, each of which is discussed below.

### 1. *The Property is Not Part of Bankruptcy Estate.*

■ The United States first asserts that the foreclosure sale should be confirmed because the Property is not part of the bankruptcy estate under 11 U.S.C. § 541(a). According to the Government's theory, once the Court's December 14, 1999, order of foreclosure and sale became final, it foreclosed the Government's tax

liens against the Property and severed the Bishops' legal and equitable interests in the Property. Under that theory, the Bishops have been divested of any legal interest in the Property because the Marshal is the entity which will issue title to the Property. In addition, when the Bishops vacated the Property, and the Marshal took possession, on February 15, 2000, that act divested the Bishops of any possessory or equitable interest in the Property. Therefore, under the Government's theory, when Patricia Bishop filed her bankruptcy petition on March 7, 2000, she no longer had any legal or equitable interest in the Property and the Property did not become part of the bankruptcy estate pursuant to § 541(a) of the Bankruptcy Code. The Government provides no authority for its position that the order of foreclosure itself severed Bishop's legal and equitable interests in the Property, and the Court is not aware of any such authority.

■ Under § 541(a) of the Bankruptcy Code, property of the debtor's bankruptcy estate includes "all legal and equitable interest of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a); *Matter of Boyd,* 11 F.3d 59, 60 (5th Cir.1994). The nature of the debtor's interest in property which accrues to the estate is based on non-bankruptcy law. *Matter of Pinetree, Ltd.,* 876 F.2d 34, 36 (5th Cir.1989); *see also, Butner v. United States,* 440 U.S. 48, 54–55, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979) (courts look to state law to characterize the "property rights in the assets of a bankrupt's estate"); *In re Haber Oil Co.,* 12 F.3d 426, 435 (5th Cir. 1994).

■ Under Texas law, a foreclosure sale conducted in accordance with the order of

---

**11.** Dkt. No. 27 at Para. 3; Dkt. No. 28 (Bishop admits she filed a bankruptcy petition under Chapter 13 in Austin, Texas, in November, 1996, but denies the Government's other assertions regarding the disposition of her bankruptcy petition).

foreclosure and state law transfers equitable title to the purchaser, even in the absence of a recorded deed. *Peterson v. Black,* 980 S.W.2d 818, 822 (Tex.Civ. App.—San Antonio 1998, no writ) (sale was "complete" when the foreclosure was conducted in accordance with the law and the provisions of the deeds of trust and purchaser's bid was accepted); *see also, Simonds v. Stanolind Oil & Gas Co.,* 134 Tex. 332, 114 S.W.2d 226, 235 (1938) (failure to record written deed does not divest purchaser of title); *Mills v. Pitts,* 121 Tex. 196, 199, 48 S.W.2d 941, 942 (1932) (purchaser at tax foreclosure sale must introduce in evidence the foreclosure decree and order of sale to establish valid divestiture of title out of judgment debtor); *Garcia v. Garcia De Ortiz,* 257 S.W.2d 804, 808 (Tex.Civ.App.—San Antonio 1953, no writ) (when bank foreclosed its mortgage and bought property at sheriff's sale, it acquired legal and equitable title to land and at that time the appellant owned no interest, either legal or equitable, in the land).

■ Thus, Texas law provides that a valid foreclosure *sale,* not just an order of foreclosure, must occur in order for a debtor to be divested of his interests in property. Logically then, if a foreclosure sale in accordance with state law takes place before a bankruptcy petition is filed, the debtor no longer has any legal or equitable interest in the property, and the foreclosed property does not become part of the bankruptcy estate under § 541(a). Here, however, Bishop filed her bankruptcy petition approximately two hours *before* the foreclosure sale took place. Therefore, under Texas law Bishop still retained her legal and equitable interests in the Property at commencement of her bankruptcy case.

In a similar reorganization case, *United States v. Whiting Pools, Inc.,* the Supreme Court held that the reorganization estate of a debtor includes property which has been seized by the IRS to satisfy a tax lien prior to filing of the bankruptcy petition, and that § 542(a) of the Bankruptcy Code authorizes the bankruptcy court to issue a turnover order for the seized property. *United States v. Whiting Pools, Inc.,* 462 U.S. 198, 211, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983). In concluding that the seized property was part of the bankruptcy estate, the Court stated that ownership of seized property does not transfer until the property is sold to a bona fide purchaser at a tax sale, and until such a sale takes place, the property remains the debtor's and is subject to the turnover requirement of § 542(a). *Id.* The Court recognized that the enforcement provisions of Internal Revenue Code, *e.g.,* for seizure or levy, do not transfer ownership of the property to the IRS. *Id.,* at 209, 103 S.Ct. 2309; *see also, In re Faith Missionary Baptist Church,* 174 B.R. 454 (Bankr.E.D.Tex. 1994).

Despite the suspect timing of Bishop's bankruptcy petition, the fact remains that the foreclosure sale occurred after the commencement of the bankruptcy case and thus did not severe Bishop's interest in the Property. The Property became part of the bankruptcy estate under § 541(a), and the bankruptcy court has jurisdiction over the Property. *See, In re Moody,* 837 F.2d 719, 723–24 (5th Cir.1988) (under 11 U.S.C. 105, the district court has jurisdiction to enforce non-dischargeable judgments against property other than property of a bankruptcy estate).

### 2. *Reference Should be Withdrawn Under 28 U.S.C. § 157(d).*

■ The United States argues in the alternative that the Court should exercise its discretion to withdraw the reference of this matter to the bankruptcy court under

§ 157(d). 28 U.S.C. § 157(d). The only ground cited by the Government is Bishop's apparent bad faith in filing her petition on the morning of the foreclosure sale. The Court is hesitant to deduce bad faith based solely on the timing of the petition. In addition, the Court believes that the bankruptcy court, with Bishop's reorganization proceedings before it, is better able to assess whether Bishop is abusing the bankruptcy process to subvert the foreclosure order. Given its conclusion that the Property became part of the bankruptcy estate, the Court declines to withdraw the matters related to the Property from the bankruptcy court's jurisdiction.

### 3. *Automatic Stay Should be Lifted Under 11 U.S.C. § 362(d).*

Finally, the United States argues that the automatic stay should be lifted as to the Property, and the foreclosure sale confirmed, pursuant to § 362(d)(2) of the Bankruptcy Code. 11 U.S.C. § 362(d)(2). Section 362(d)(2) provides that the court shall grant relief from the automatic stay if "the debtor does not have an equity in such property; and such property is not necessary to an effective reorganization." *Id.* The Government asserts that Bishop has no equity in the Property since her tax debt far exceeds the value of the Property and that since the Property is no longer a "going concern," it is not necessary to an effective reorganization. Underlying the Government's position is its presumption that Bishop is acting in bad faith.

■ Section 157(b)(2)(G) of the Bankruptcy Code provides that a motion to lift stay is a "core proceeding" arising under Title 11. 28 U.S.C. § 157(b)(2)(G). As such, it is appropriate for the bankruptcy judge to hear and determine the United States' motion to lift stay as to the Property under the criteria of § 362(d)(2). *See, In re Fresh Approach,* 51 B.R. 412, 414

(Bankr.N.D.Tex.1985) (holding motion for relief from stay is a core proceeding and adjudicating entitlement to trust funds); *Houston Avocado Co. v. Monterey House, Inc. (In re Monterey House, Inc.),* 71 B.R. 244, 245 (Bankr.S.D.Tex.1986)(bankruptcy court decision granting motion for relief from stay). Having had the benefit of the proceedings that have occurred in Bishop's bankruptcy case to date, the bankruptcy court is in a better position to determine whether lifting the stay as to the Property is warranted under § 362(d)(2). Therefore, the United States' motion to lift stay is referred to the bankruptcy court for resolution pursuant to § 157(a), (b).

Based on the above reasons, the Court declines to confirm the foreclosure sale of the Property, declines to withdraw the matters related to the Property from the bankruptcy court's jurisdiction, and refers the United States' motion to lift stay as to the Property to the bankruptcy court for resolution as it deems appropriate. Accordingly,

IT IS ORDERED THAT the United States' Motion to Confirm Sale, Motion to Withdraw Reference, and Motion to Lift Stay filed March 10, 2000 (Dkt. No. 27), is DENIED, IN PART, such that the March 7, 2000, foreclosure sale is not confirmed, and the reference to bankruptcy court is not withdrawn. The United States' motion to lift stay is REFERRED to the bankruptcy court for determination pursuant to 28 U.S.C. § 157(a), (b).