United States Court of Appeals
Fifth Circuit

**F I L E D**

August 17, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-50430
Conference Calendar

_____

JANET ACEVEDO,

                                        Plaintiff-Appellant,

versus

VIRGINIA SCHRAMM, Individually and as Attorney/Employee
for Texas Rural Legal Aid, Inc.; JOSEPHINE STILES,
Individually; JOHNNY RODRIGUEZ, Individually and as
Employee/Agent for: Century 21 United - Abie Epstein
Realty, (Abie Epstein, Owner); TEXAS RURAL LEGAL
AID INC.; MARTHA TANNER, The Honorable Presiding Judge,
166th Judicial District Court, Bexar County, Texas;
BELINDA SANCHEZ, Bexar County Assistant District Clerk,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:04-CV-140
--------------------

Before HIGGINBOTHAM, DAVIS, and PICKERING, Circuit Judges.

PER CURIAM:[*]

        Janet Acevedo appeals the district court's dismissal as
frivolous of her 42 U.S.C. § 1983 complaint, which alleged that
the defendants conspired under color of state law to deprive her
of her property and due process rights.  They allegedly did so by
having a writ of possession entered in a state court civil

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

proceeding, which canceled her deed and possession to property located in San Antonio, Texas.  We review the dismissal as frivolous under 28 U.S.C. § 1915(e) for an abuse of discretion. Graves v. Hampton, 1 F.3d 315, 317 (5th Cir. 1993).

Although Acevedo argues that the actions of the defendants in executing the state court judgment were ex parte and attributable to state action, her claims are unmistakably a challenge to the state court judgment, which awarded the writ of possession with respect to the property in question.  Moreover, the Texas appellate court has already held that the writ of possession was a proper award by the trial court in the state court proceeding.  See Acevedo v. Stiles, No. 04-02-00077-CV, 2003 WL 21010604 (Tex. App. May 7, 2003).

"[L]itigants may not obtain review of state court actions by filing complaints about those actions in lower federal courts cast in the form of civil rights suits."  Hale v. Harney, 786 F.2d 688, 691 (5th Cir. 1986); see District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 n.16 (1983).  Accordingly, the district court did not abuse its discretion in dismissing Acevedo's complaint as frivolous.  Because the appeal is without arguable merit, it is DISMISSED as FRIVOLOUS.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5th Cir. R. 42.2.

APPEAL DISMISSED AS FRIVOLOUS.