# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 17, 2012

Lyle W. Cayce
Clerk

No. 11-10860
Summary Calendar

ROBERT DE FRANCESCHI; ELENA RIEDO,

Plaintiffs-Appellants,

versus

BAC HOME LOANS SERVICING, L.P.,
Formerly Known as Countrywide Home Loans Servicing, L.P.;
U.S. BANK NATIONAL ASSOCIATION, as Trustee for
the Certificate Holders of Banc of America Funding 2007-6 Trust,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Texas
No. 3:09-CV-1667

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-10860

I.

Robert De Franceschi and Elena Riedo appeal a summary judgment. They bought a duplex in January 2007 financed with a loan by Greenpoint Mortgage Funding, Inc., pursuant to a Loan Agreement. The loan was assigned to U.S. Bank National Association ("U.S. Bank") that same month, and in December 2008, BAC Home Loans Servicing, L.P. ("BAC"), became the loan servicer. Soon thereafter, the plaintiffs failed to make at least one monthly payment, and the loan was in default. They allege that at that time and on subsequent occasions, BAC incorrectly charged them for force-placed insurance coverage on the property, when they already had coverage, and that BAC eventually removed the insurance after they complained but never fully credited their account for the error.

BAC, on two separate occasions in early 2009, sent letters to the plaintiffs informing them that they were in default and noting the debt acceleration, the foreclosure consequences, and their loss-mitigation options. Although De Franceschi spoke with BAC representatives two times, he did not commit to one of the options. By June 2009, the plaintiffs had an outstanding debt of $27,000, and BAC's counsel had sent them a letter notifying them that the loan had been accelerated and that a foreclosure sale would take place on July 7, 2009.

On June 16, 2009, the plaintiffs called BAC to discuss a loan modification and were instructed to fax certain financial documents. They claim they tried to fax the information sometime after June 22, and BAC, having received information that was either incomplete or incorrect, denied the loan modification application on June 28. Because the plaintiffs had possibly been given the wrong fax number, a BAC representative instructed them to re-submit the loan-modification documentation and assured them that the property would not be foreclosed upon while the application was under review. The plaintiffs never re-submitted any information, and the property was sold at a foreclosure sale to

2

No. 11-10860

U.S. Bank on July 7.

The plaintiffs sued BAC and U.S. Bank in state court under various property-law, tort, and contract theories, and the defendants removed. The district court granted summary judgment in the defendants' favor, and the plaintiffs appeal.

## II.

## A.

Plaintiffs argue that the district court erred by granting summary judgment on all claims although the defendants had not moved for summary judgment on their suit-to-quiet-title and trespass-to-try-title claims. In the second amended complaint, plaintiffs had rested those claims on their superior title by virtue of the fact that BAC had breached a unilateral contract, so the foreclosure sale was invalid. The plaintiffs had noted, without discussion or explanation, that those title claims were not addressed in their response to the summary-judgment motion.

In reply, BAC explained that the title claims were wholly derivative of the other claims, so if the claims of breach of contract and invalid foreclosure sale failed, the quiet-title and trespass-to-try-title claims necessarily also failed. In granting summary judgment, the district court did not mention the quiet-title or trespass-to-try-title claim, nor did plaintiffs raise the title claims in their motion for a new trial.

Even assuming that the suit-to-quiet-title and trespass-to-try-title claims are not waived or abandoned, we review plaintiffs' contentions for plain error,[1] because they failed to raise those procedural objections in their motion for a new trial, which was properly construed as a Federal Rule of Civil Procedure 59(e)

---

[1] *Love v. Nat'l Med. Enters.*, 230 F.3d 765, 711 (5th Cir. 2000).

No. 11-10860

motion.[2] Indeed, in their motion for new trial, plaintiffs admitted that BAC and U.S. Bank had filed a motion for summary judgment on all of their claims, and plaintiffs had neglected to list their title actions when listing their claims. On appeal, they still have not detailed how their title claims do not automatically fail, according to their pleadings, if their breach-of-contract and invalid-foreclosure claims fail. Thus, assuming *arguendo* that the district court committed obvious error, any such error was harmless and did not affect substantial rights, so the court did not plainly err.

B.

Plaintiffs contend the district court erred by denying them leave to file a third amended complaint. Because they sought to amend seven months after the scheduling deadline to file such motions had expired, the motion was properly considered under Federal Rule of Civil Procedure 16. *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008). Rule 16(b) allows such amendments only for good cause and with the court's consent, requiring the party "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S&W Enters., LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003). After an examination of the record, which reveals that the plaintiffs knew or should have known of the facts relevant to their amendment before the scheduling deadline, we conclude that the district court did not err in denying leave to amend.

C.

Plaintiffs challenge the dismissal of several of their claims that were dismissed on the ground that they relied on new factual allegations and theories of

---

[2] *See Piazza's Seafood World, LLC v. Odom*, 448 F.3d 744, 748 n.9 (5th Cir. 2006).

No. 11-10860

liability not present in the pleadings. A properly pleaded complaint must give "fair notice of what the claim is and the grounds upon which it rests." *Ashcroft v. Iqbal*, 556 U.S. 662, 698-99 (2009) (citations and alterations omitted). Accordingly, district courts do not abuse their discretion when they disregard claims or theories of liability not present in the complaint and raised first in a motion opposing summary judgment.[3]

The district court correctly dismissed plaintiffs' theories of breach of contract and wrongful foreclosure, which were not described with any particularity in the complaint. For example, the response to the summary-judgment motion claimed that BAC had breached (and anticipatorily breached) the deed of trust by failing to notify plaintiffs of the reinstatement amount and by improperly charging them for force-placed insurance, even though those nondisclosure and improper-charge theories of breach of contract are nowhere to be found in the complaint. For the same reasons, the district court properly refused to consider the theories of nondisclosure and force-placed insurance as they relate to the misrepresentation and wrongful-foreclosure claims.

D.

The plaintiffs challenge the district court's factual characterization that De Franceschi never re-faxed his loan modification information after the July 2 phone call, resulting in a finding that no unilateral oral contract existed. After reviewing the record, we conclude that the court did not err in dismissing that claim.

---

[3] *See Cutrera v. Bd. of Sup'rs of La. State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005); *Fisher v. Metro. Life Ins. Co.*, 895 F.2d 1073, 1078 (5th Cir. 1990); *Scheve v. Moody Found.*, 264 F.3d 1141 (5th Cir. 2001) (unpublished), *cert. denied* 534 U.S. 1156 (2002).

No. 11-10860

E.

The plaintiffs contend that the district court erred in dismissing their claim of unreasonable collection efforts because it applied the incorrect standard under Texas law. Although the Texas Supreme Court has never delineated a standard for this tort, *Hidden Forest Homeowners Ass'n v. Hern*, 2011 WL 6089881, at *4-5 (Tex. App.—San Antonio 2011, no pet. h.), the district court did not err in adopting the standard set forth in *EMC Mortgage Corp. v. Jones*, 252 S.W.3d 857, 868-69 (Tex. App.—Dallas 2008, no pet.), instead of the standard in *Employee Finance Co. v. Lathram*, 363 S.W.2d 899, 901 (Tex. App.—Fort Worth 1962), *aff'd in part, rev'd in part, on other grounds*, 369 S.W.2d 927 (Tex. 1963), which has largely been disavowed by Texas courts, *see Watson v. Citimortgage, Inc.*, 814 F. Supp. 2d 726, 374 (E.D. Tex. 2011).

F.

The plaintiffs claim that the district court erred in dismissing their negligent-misrepresentation claims based on BAC's representation to De Franceschi that their property would not be foreclosed upon while their loan-modification application was pending. Plaintiffs maintain that the representation was one of existing fact—that BAC, as a matter of practice, does not foreclose on properties while a modification application is pending—rather than a promise of future action that BAC would, in this case, not foreclose on the property while the application was pending. After reviewing the record, we see that it is plain that the alleged statements by the BAC representative were promises of future action rather than representations of existing fact. Indeed, the very fact that the plaintiffs try also to construe this statement as an oral contract belies their re-characterization of the statement as one of existing fact. Because, under Texas law, promises of future action are not actionable as a negligent-misrepresentation tort, *see, e.g.*, *Scherer v. Angell*, 253 S.W.3d 777, 781 (Tex. App.—Amarillo

No. 11-10860

2007, no pet.), the district court properly dismissed the claim.

G.

Plaintiffs challenge the district court's finding that their fraud claim was based only on conclusory allegations unsupported by any record evidence. We agree with the district court that plaintiffs' bald allegations that BAC "had no intention" of delaying the foreclosure sale if the loan modification materials were properly submitted is not supported by any evidence in the record. Accordingly, summary judgment on the fraud claims was appropriate. *See QT Trading, L.P. v. M/V SAGA MORUS*, 641 F.3d 105, 111 (5th Cir. 2011).

AFFIRMED.