# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 13, 2013

Lyle W. Cayce
Clerk

No. 13-10165
Summary Calendar

AUDREY COLEMAN,

Plaintiff - Appellant

v.

ROY WILLIAMS, JR., Constable Precinct 4;
DEPUTY CARL SMITH, Badge #421;
SERGEANT JASON JOHNSON, Badge #404;
DEPUTY JASON MEEK, Badge #425,

Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:12-CV-4874

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

This is an appeal from dismissal pursuant to 28 U.S.C. § 1915(e) of appellant's challenges to her eviction.  AFFIRMED

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-10165

## BACKGROUND

In September 2011, The Bank of New York Mellon ("Bank") acquired Audrey Coleman's ("Coleman") home (the "House") in a foreclosure sale and recorded its Substitute Trustee's deed. Because Coleman did not leave the House, the Bank filed a citation for eviction and a petition for forcible detainer. Coleman was properly served and notified that the suit involved eviction and that her failure to appear could result in a default judgment against her. On December 12, 2011, Coleman did not appear in court and the Justice of the Peace (Precinct 4, Place 2) ordered that the Bank have and recover the House from Coleman. Later that month, Coleman appealed to the Dallas County Court.

Coleman received notice that the County Court would hear the case on February 10, 2012. On February 9, 2012, Coleman filed for Chapter 7 bankruptcy. The next day, Coleman failed to appear in court and the County Court issued a judgment of possession in favor of the Bank. Nothing in the County Court docket indicates that the court was aware that Coleman had filed for bankruptcy. The County Court issued a writ of eviction on February 27, 2012. On that same day, the bankruptcy court issued an order dismissing Coleman's case for various deficiencies (the case formally closed on March 13, 2012).

Coleman was properly served with the eviction writ on May 14, 2012 (there had been three previous attempts). That day she filed for Chapter 7 again, listing the House as her homestead. The County Court docket acknowledges this and notes that "eviction stopped." In June 2012, the bankruptcy Trustee filed a statement that Coleman had not filed all the required means testing documents and issued a report of no distribution. On July 12, 2012, the bankruptcy court denied Coleman's untimely motion for a continuation of the automatic stay. On August 15, 2012, the bankruptcy court ordered that Coleman was entitled to a discharge and the case was closed on August 23rd.

Noting that Coleman's bankruptcy case had terminated, on September 27, 2012, the County Court authorized the Sheriff or any constables to take possession of the House and evict Coleman. On October 2, a copy of the writ was posted on Coleman's door. That day, Coleman filed a "notice of removal to federal court." She also filed for Chapter 13 bankruptcy two days later (her case was dismissed on October 31st for failing to pay the filing fee). A final notice was taped to the House on November 9, 2012. Three days later, several officers evicted Coleman. Coleman sued the constable and the officers, alleging violations of her constitutional rights (the subject of this appeal).

The magistrate judge addressed her claims and recommended dismissal pursuant to § 1915(e) without requiring the defendants to be served. The district court adopted her report and recommendation and dismissed. Coleman appeals.

## DISCUSSION

To the extent we can make out her arguments on appeal, Coleman raises essentially the same issues that the magistrate judge considered. We find no reversible error in the resolution of those issues.

Coleman also contends that the County Court lacked jurisdiction to issue the judgment of possession (2/10) and writ of possession/eviction (2/27) because she had filed a bankruptcy petition on February 9. Because the bankruptcy court jurisdiction covers only property in which the debtor has an interest, and Coleman's interest in the House was terminated by the foreclosure sale, her bankruptcy filing did not stay or prevent the eviction action from proceeding.

Coleman also argues that the officers were without jurisdiction to evict her on November 12, 2012 because she had filed her removal motion on October 2nd. She overlooks, however, that the officers were acting pursuant to the writ the County Court issued on September 27th, five days before Coleman's motion (not to mention that default judgment had been entered eight months earlier). Thus, the officers' reliance on the County Court's writ (which was issued while the

court had jurisdiction) does not make her eviction from the House (belonging to the Bank) arbitrary or unreasonable in violation of the Fourth Amendment.

Coleman's due process claim relies on her repeated assertion that the House belongs to her because the foreclosure sale and judgment of possession were illegal. Nothing in the record suggests errors in the foreclosure sale and Coleman twice elected not to challenge the Bank's petition for forcible detainer in court. She has instead repeatedly tried to circumvent the judicial process by filing for bankruptcy, stays, and frivolous motions in an attempt to delay eviction. As noted by the district court, Coleman's claim is essentially an impermissible challenge to the County Court's judgment declaring that the Bank possessed the House. *See Acevedo v. Schramm*, 104 F. App'x 439, *1 (5th Cir. 2004) (unpublished) (affirming dismissal of a § 1983 suit filed against state actors that alleged a due process violation when a writ of possession was entered in a state court proceeding).

For the foregoing reasons, because Coleman's appeal is utterly without merit, it is DISMISSED as frivolous. *See* 5th Cir. R. 42.2. We caution that future repetitive, frivolous, or abusive filings may result in the imposition of sanctions, including dismissal, monetary sanctions, and restrictions on her ability to file pleadings in this court or any court subject to this court's jurisdiction.

APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING