Ernest BASSKNIGHT; Emma Bassknight, Plaintiffs–Appellants

v.

DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for the Holders of Gsamp 2002–HE2, Mortgage Pass through Certificates, Series 2002–HE2; Ocwen Loan Servicing, L.L.C., Defendants–Appellees.

No. 14–11371

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Aug. 5, 2015.

Jack B. Peacock, Jr., David M. Vereeke, Gagnon, Peacock & Vereeke, P.C., Dallas, TX, for Plaintiffs–Appellants.

Mark Douglas Cronenwett, Mackie Wolf Zientz & Mann, P.C., Dallas, TX, for Defendants–Appellees.

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM: *

In this real estate foreclosure case, plaintiffs-appellants Ernest and Emma Bassknight (collectively, the "Bassknights") challenge the district court's grant of summary judgment in favor of the defendants-appellees Deutsche Bank National Trust Company ("Deutsche Bank") and Ocwen Loan Servicing, LLC ("Ocwen") (collectively, the "Lenders"). For the reasons below, we AFFIRM.

## FACTS AND PROCEEDINGS

The Bassknights purchased property in Grand Prairie, Texas and executed a note and deed of trust. The original lender assigned the note and deed of trust to Deutsche Bank. Ocwen became the mortgage servicer of the Bassknights' loan in September 2011.

In December 2011 Ocwen sent the Bassknights a notice of acceleration and foreclosure. Ocwen advised the Bassknights to apply for a loan modification even though the Bassknights had previously warned Ocwen that their lender did not participate in loan modifications. Ocwen repeatedly assured the Bassknights that they were eligible for a loan modification and that their property would not be foreclosed upon during the Home Affordable Modification Program evaluation. Never-

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

theless, the Bassknights received letters of foreclosure during this period. In January 2012 Ocwen sent the Bassknights documents to complete. Although Ocwen indicated that these documents were related to a deed-in-lieu application, the Bassknights contend that they were a loan modification application. The Bassknights completed the forms and returned them to Ocwen.

On February 7, 2012, the Bassknights received a letter informing them that their loan modification application had been denied because, as the Bassknights had previously warned, the Bassknights' lender did not participate in loan modifications. The letter further informed the Bassknights that they had thirty days to pursue alternative loss mitigation options. Although the letter stated that a foreclosure sale would not occur during the thirty-day period, Ocwen completed a foreclosure sale on the same day it sent the letter to the Bassknights.

The Bassknights filed a complaint in Texas state court. They alleged, *inter alia*, that the Lenders violated the Texas Debt Collection Practices Act ("TDCPA") and engaged in negligent misrepresentation. The Lenders removed the action to the United States District Court for the Northern District of Texas. The Lenders moved to dismiss the Bassknights' first amended complaint. The magistrate judge converted the motion into a motion for summary judgment. The magistrate judge recommended that the district court grant the Lenders' motion and dismiss the Bassknights' claims against the Lenders with prejudice. The district court adopted the magistrate judge's findings and recommendations and dismissed their claims.

## DISCUSSION

### A. The Texas Debt Collection Practices Act

The Bassknights challenge the district court's decision to dismiss their claims un-der the TDCPA, Tex. Fin.Code § 392.304(a)(8), (19). Section 392.304(a)(8) prohibits a debt collector from "misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial ... proceeding." Section 392.304(a)(19) prohibits a debt collector from "using any other false representation or deceptive means to collect a debt."

There is no viable TDCPA claim when a mortgagee *discusses* a loan modification because "statements about loan-modification applications and the postponement of foreclosure do not concern the character, extent, or amount of the home loan, so they are not covered by the statute." *Thompson v. Bank of Am., N.A.*, 783 F.3d 1022, 1026 (5th Cir.2015) (internal quotation marks omitted); *cf. Buchanan v. Compass Bank*, No. 02–14–00034–CV, 2015 WL 222143, at *4 (Tex.App. Jan. 15, 2015). The *Thompson* court suggested, however, that affirmatively promising not to foreclose may waive a lender's right to do so. *See* 783 F.3d at 1025. Here, the Lenders promised in writing that they would not conduct a foreclosure sale for thirty days. We assume without deciding that the Lenders violated the TDCPA by breaking their promise not to initiate a foreclosure sale during that time.

Even so, we affirm because the Bassknights failed to adduce evidence that they sustained actual damages. *See Richardson v. SV Almeda I Ltd. P'ship*, No. 01–11–01004–CV, 2013 WL 4680392, at *9 (Tex.App.2013) (affirming dismissal of TDCPA claim for failure to show damages). The Bassknights suggest that if the Lenders had not promised that they had thirty days to consider their options, they would have filed for bankruptcy to save their home. But the Lenders con-

ducted a foreclosure sale of the Bassknights' home *before* the Bassknights received the February 7 letter. And under Texas law, the Bassknights could not recover the foreclosed property by filing a bankruptcy petition. *See, e.g., Coleman v. Williams,* 538 Fed.Appx. 513, 515 (5th Cir. 2013); *United States v. Bishop,* 262 B.R. 401, 405–06 (W.D.Tex.2000). The Bassknights fail to adduce any evidence that they sustained actual damages.

Accordingly, we affirm the district court's dismissal of the Bassknights' TDCPA claim.

B. Negligent Misrepresentation

The Bassknights also assert that the district court erred in dismissing their claim for negligent misrepresentation.

Under Texas law, promises of future conduct will not support a negligent-misrepresentation claim. *See De Franceschi v. BAC Home Loans Servicing, L.P.,* 477 Fed.Appx. 200, 205 (5th Cir.2012); *see also Scherer v. Angell,* 253 S.W.3d 777, 781–82 (Tex.App.2007). In *De Franceschi,* this court held that a bank's promise not to foreclose during the loan modification evaluation was a promise of future action "rather than [a] representation[ ] of existing fact." 477 Fed.Appx. at 205. We hold that the Lenders' promise not to foreclose for thirty days was a promise regarding future conduct. *See id.*

We would also affirm the district court's decision because the Bassknights failed to show that they relied on the February 7 letter to their detriment. *See McCamish, Martin, Brown & Loeffler v. F.E. Appling Interests,* 991 S.W.2d 787, 791 (Tex.1999) (requiring plaintiff asserting negligent misrepresentation claim to prove detrimental reliance). The Bassknights argue that the February 7 letter caused them to forego the opportunity to stop the foreclosure through bankruptcy. But as discussed above, once the foreclosure sale occurred, a bankruptcy petition would not have prevented the loss of the Bassknights' home.

Accordingly, we affirm the district court's dismissal of the Bassknights' negligent misrepresentation claim.

## CONCLUSION

For the reasons explained, we AFFIRM the judgment of the district court.