# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
September 4, 2018

Lyle W. Cayce
Clerk

No. 17-11404
Summary Calendar

ANGELA B. PUTTY,

      Plaintiff - Appellant

v.

FEDERAL NATIONAL MORTGAGE ASSOCIATION, also known as Fannie Mae,

      Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:16-CV-2562

Before KING, ELROD, and HIGGINSON, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:*

Angela Putty defaulted on a mortgage loan. In 2016, the Federal National Mortgage Association (Fannie Mae) acquired the property at a trustee's sale and instituted eviction proceedings. The eviction was later dismissed without prejudice. Putty separately sued Fannie Mae in Texas state court, asserting claims for vicarious liability, due process violations, eviction

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

abuse, breach of contract, violations of the Texas Debt Collection Act, wrongful foreclosure, and equitable relief. Fannie Mae removed the matter to federal court on the basis of diversity jurisdiction. The district court later granted Fannie Mae summary judgment on all claims.

Putty appeals on the sole ground that she has a valid claim under the Real Estate Settlement Procedures Act (RESPA).[1] The district court granted summary judgment on this issue because Putty did not plead a RESPA violation in her state court petition. Nor did Putty seek leave to amend her complaint to add a RESPA claim. It is well-established that "[a] claim which is not raised in the complaint but, rather, is raised only in response to a motion for summary judgment is not properly before the court." *Cutrera v. Bd. Of Supervisors of La. State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005); *see also Hoffman v. L & M Arts*, 838 F.3d 568, 576 (5th Cir. 2016).

Putty argues that her RESPA claim is inherent in her other claims related to the deed of trust. But it is undisputed that Putty's petition does not mention RESPA or its associated regulations. Nor does the petition contain sufficient facts to put Fannie Mae on notice of a RESPA claim. For instance, Putty does not plead that Fannie Mae is a mortgage servicer subject to RESPA. *See* 12 U.S.C. § 2605. Putty's pleadings therefore failed to provide Fannie Mae with fair notice that she intended to assert a RESPA violation, and the district court properly declined to consider this claim. *See Sims v. City of Madisonville*, 894 F.3d 632, 643 (5th Cir. 2018); *De Franceschi v. BAC Home Servicing, Ltd. P'ship*, 477 F. Appx. 200, 204 (5th Cir. 2012). Accordingly, the judgment of the district court is AFFIRMED.

---

[1] Putty's brief on appeal also mentions her breach of contract claim, but does not offer argument as to why this claim should survive summary judgment. To the extent that Putty seeks to appeal the dismissal of her breach of contract claim, this issue is insufficiently briefed and therefore forfeited. *See Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 732 (5th Cir. 2018).