# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-11325
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 13, 2014

Lyle W. Cayce
Clerk

TROY CHAVEZ,

Plaintiff - Appellant

v.

WELLS FARGO BANK, N.A.,

Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:11-CV-864

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:*

Plaintiff Troy Chavez ("Chavez") appeals the dismissal of numerous claims asserted against Wells Fargo Bank ("Wells Fargo") relating to the threatened foreclosure of his home. We AFFIRM.

## Background

We recite the background facts here, accepting Chavez's version as true. Chavez purchased the property at issue and executed a note payable to

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-11325

America's Wholesale Lender Corporation. He obtained a refinancing loan from World Savings Bank ("WSB"), which executed a promissory note and deed of trust securing the payment of the loan. WSB assigned the promissory note and deed of trust to Wells Fargo.

After experiencing financial difficulties, Chavez contacted Wells Fargo to discuss a loan modification. A Wells Fargo representative encouraged him to apply for the Home Affordable Modification Program ("HAMP"). According to Chavez, the representative instructed him to cease making payments on the loan during the loan modification process, assuring him that Wells Fargo would not foreclose on the property while his application was being reviewed.

Chavez submitted the necessary financial documents to Wells Fargo. However, he later received multiple letters from Wells Fargo informing him that he had not submitted the necessary documents. Each time he contacted Wells Fargo, Chavez was told that it had all the necessary financial information, that he should not worry about qualifying, and that Wells Fargo would not foreclose during the process.

After approximately one year under review for HAMP, Wells Fargo sent Chavez a letter explaining that he did not qualify because he failed to submit the requested documents. Chavez contacted Wells Fargo, and he was once again told that the bank had all the necessary documents and that his application was under review. Once again, Chavez received a letter instructing him to submit additional forms, which he completed and faxed to Wells Fargo.

Less than a month later, Chavez received a letter from Wells Fargo informing him that he did not qualify for HAMP because his loan did not meet the "imminent default criteria." The letter instructed Chavez to contact Wells Fargo to discuss why he failed to qualify and discuss alternative loss-mitigation options. When Chavez called Wells Fargo, he was told that he could either pay $80,000 or apply for another loan modification. When he attempted

No. 13-11325

to apply for a loan modification, Chavez learned that Wells Fargo had scheduled a foreclosure sale on his home.

Chavez once again spoke to a Wells Fargo representative who assured him that the foreclosure would be cancelled since Chavez was still in the modification process. Chavez alleges that every time he contacted Wells Fargo to check the status of his application, he was told not to make payments on the loan. Wells Fargo subsequently scheduled a foreclosure sale and added multiple charges and late fees to Chavez's account. As of the filing of this suit, though, Wells Fargo had not foreclosed on Chavez's house.

Chavez filed this suit in Texas state court seeking a temporary restraining order. Wells Fargo removed the case to federal court. In his second amended complaint, Chavez alleged breach of contract, anticipatory breach of contract, unreasonable collection efforts, violations of the Texas Debt Collection Act, and negligent misrepresentation. The district court granted Wells Fargo's motion to dismiss for failure to state a claim on all claims. Chavez appeals only the dismissal of his claims for breach of contract, violation of the Texas Debt Collection Act, and negligent misrepresentation.[1]

### Discussion

"We review de novo the district court's grant of a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013). We construe the facts in the light most favorable to the nonmoving party. *Id.* Dismissal is appropriate only if the complaint fails to plead "enough facts to state a claim of relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

---

[1] Chavez waives his claims of anticipatory breach of contract and unreasonable collection efforts, as well as his arguments that declaratory relief and an accounting are viable causes of action here, because he did not raise them in his initial brief on appeal. *Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994).

No. 13-11325

Chavez alleges that the district court erred in dismissing his claim for breach of contract. On appeal, he offers a new theory to support this claim. Chavez argues that Wells Fargo breached the deed of trust by failing to give proper notice as required by the "specific notice requirements in the deed of trust." However, Chavez's second amended complaint based the breach of contract claim on a theory that Wells Fargo waived its right to foreclose.[2] As a general rule, we will not consider a new theory or issue that was "not properly before the district court." *Dunbar v. Seger-Thomschitz*, 615 F.3d 574, 576 (5th Cir. 2010); *see also City of Waco, Tex. v. Bridges*, 710 F.2d 220, 227 (5th Cir. 1983). Because Chavez did not make this argument to the district court as a basis for his breach of contract claim against Wells Fargo, we will not consider it now.[3]

Chavez next alleges that the district court erred in dismissing his claims that Wells Fargo violated sections 392.304(a)(8), 392.304(a)(19), and 392.301(a)(8) of the Texas Finance Code. Section 392.304(a)(8) prohibits the use of "fraudulent, deceptive, or misleading representation" by a debt collector, including "misrepresenting the character, extent, or amount of a consumer debt." Section 392.304(a)(19) prohibits the use of "any other false representation or deceptive means to collect a debt or obtain information concerning a consumer." Chavez alleges that Wells Fargo violated these

---

[2] Since Chavez has failed to brief the issue of waiver on appeal, we consider the question waived. *See Cinel*, 15 F.3d at 1345. Even if we considered it, the deed of trust contained a non-waiver provision. Further, as of the date of briefing – more than two years after the foreclosure notice – Wells Fargo had not yet foreclosed. Chavez's second amended complaint filed in January of 2013 continued to reference the December 2011 foreclosure notice as the imminent harm despite the fact that the foreclosure did not occur as noticed (or thereafter).

[3] Even if we considered this argument, it is worth noting that Chavez's second amended complaint included an admission that he received notice of Wells Fargo's intention to foreclose.

4

provisions by misleading him to believe that he qualified for and would be approved for a loan modification, despite knowing that he was not eligible for a loan modification. We do not condone Wells Fargo's conduct as alleged, but terrible customer service is not automatically the equivalent of "deceptive means." We have previously held that statements regarding loan modifications do not concern the "character, extent, or amount of a consumer debt" under section 392.304(a)(8). *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 723 (5th Cir. 2013). Therefore, the district court properly dismissed this claim.

To maintain a claim under section 392.304(a)(19), Chavez would need to allege that Wells Fargo made an "*affirmative statement*" that was false or misleading. *Verdin v. Fed. Nat'l Mortg. Ass'n*, 540 F. App'x 253, 257 (5th Cir. 2013) (citation and internal quotation marks omitted) (unpublished). However, Chavez does not allege that Wells Fargo ever affirmatively represented that he qualified for the modification program. Here, even assuming that Wells Fargo told Chavez "not to worry" about whether he qualified, this is not an affirmative statement. *See id.* Therefore, the district court did not err in dismissing Chavez's claim that Wells Fargo violated section 392.304(a)(19) of the Texas Finance Code.

Chavez argues that Wells Fargo was prohibited from asserting its right to accelerate and foreclose on his property under the deed of trust and the Texas Property Code and that its threats to do so violated section 392.301(a)(8) of the Texas Finance Code, which prohibits the "use of threats, coercion, or attempts to coerce" by a debt collector that threatens to "take an action prohibited by law." This is a new theory on appeal. In Chavez's second amended complaint, he argued that Wells Fargo's efforts to foreclose were

prohibited because they did not own or hold the note.[4]  We therefore decline to consider this argument on appeal.  *See Dunbar*, 615 F.3d at 576.

Finally, Chavez alleges that the district court erred in dismissing his claim for negligent misrepresentation.  In Texas, the elements necessary to establish this claim include, *inter alia*, that the defendant supplies "false information" for the guidance of others in their business.  *Fed. Land Bank Ass'n of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991).  In general, "promises of future action are not actionable as a negligent-misrepresentation tort."  *De Franceschi v. BAC Home Loans Servicing, L.P.*, 477 F. App'x 200, 205 (5th Cir. 2012) (unpublished); *see also Scherer v. Angell*, 253 S.W.3d 777, 781 (Tex. App.-Amarillo 2007, no pet.).  In his second amended complaint, Chavez argues that Wells Fargo made negligent misrepresentations that it would not foreclose on Chavez during the loan modification process and that he should not make payments during the process.  However, "representations regarding future loan modifications and foreclosure constitute promises of future action rather than representations of existing fact."  *Thomas v. EMC Mortg. Corp.*, 499 F. App'x 337, 342 (5th Cir. 2012) (unpublished) (citation and internal quotation marks omitted).  Furthermore, Chavez has not alleged that the statement that he should not make payments during the loan modification process was false.  Therefore, the district court properly dismissed Chavez's claim for negligent misrepresentation.

AFFIRMED.

---

[4] Since Chavez has failed to brief the issue of whether Wells Fargo's breach stems from not owning or holding the note, we consider the question waived.  *See Cinel*, 15 F.3d at 1345.  Regardless, Chavez's claim would fail because ownership of the note is not necessary in Texas in order for foreclosure to occur under the deed of trust.  *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 255 (5th Cir. 2013).