# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10560

United States Court of Appeals
Fifth Circuit

**FILED**

April 21, 2015

Lyle W. Cayce
Clerk

DAVID THOMPSON; TONI THOMPSON,

        Plaintiffs–Appellants,

versus

BANK OF AMERICA NATIONAL ASSOCIATION,
as Successor by Merger to BAC Home Loans Servicing, L.P.,
Formerly Known as Countrywide Home Loans;
U.S. BANK, N.A., as Trustee for
the Certificateholders of the LXS 2006-16N Trust Fund,

        Defendants–Appellees.

Appeal from the United States District Court
for the Northern District of Texas

Before REAVLEY, SMITH, and GRAVES, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

David and Toni Thompson appeal a summary judgment dismissing their state-law claims against Bank of America ("BOA") and U.S. Bank, N.A. ("U.S. Bank"), arising from of the foreclosure on their home. They also appeal the exclusion of particular exhibits from the summary-judgment evidence. Because BOA did not waive its right to foreclose and made no actionable misrepresentations, we affirm.

No. 14-10560

## I.

The Thompsons purchased the property in 2006 with a loan from Countrywide Home Loans, BOA's predecessor in interest. They executed a promissory note ("Note") and deed of trust ("DOT"), securing the Note with the property. The Note and DOT were assigned to U.S. Bank, with BOA acting as the loan servicer. In 2009, the Thompsons contacted BOA to try to negotiate a loan modification but were informed that they did not qualify for the Home Affordable Modification Program because they were not delinquent in their payments. Although they were also told not to stop making monthly payments, they later did so, then hired Impact Consulting Group ("Impact") to assist in negotiating a modification.

Over the course of three years, the Thompsons, through Impact, engaged with BOA in a drawn-out process to assess their eligibility for a modification. They submitted multiple rounds of paperwork, and their application passed through numerous reviews. But because they had stopped paying, they also received several letters notifying them of their default, giving them notice of foreclosure, and informing them that BOA was accelerating their payments under the loan's terms. They did not resume payments or bring their account current; instead they requested postponements, and BOA agreed several times to delay the foreclosure sale while the modification application was under review.

In December 2012, BOA denied the loan-modification application, then foreclosed. The Thompsons filed a number of state-law claims against BOA and U.S. Bank, which they removed to federal court on diversity jurisdiction. The banks then moved for summary judgment on all claims, which the district court granted, and the Thompsons appeal only a subset of those claims.

No. 14-10560

II.

In this diversity-jurisdiction case, we apply Texas substantive law. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012). The Thompsons appeal the summary judgment of five state-law claims: breach of contract, suit to quiet title, and three violations of the Texas Debt Collection Act ("TDCA"). Three of those claims,[1] however, depend on the legal theory that BOA waived its right to foreclose, which the district court rejected, so it is to that theory that we turn first.

A.

The Thompsons' theory, in essence, is that BOA waived its right to foreclose through behavior inconsistent with that right, namely, the approximately twelve postponements of foreclosure to which BOA had agreed while their loan-modification application was pending. "The elements of waiver include (1) an existing right, benefit, or advantage held by a party; (2) the party's actual knowledge of its existence; and (3) the party's actual intent to relinquish the right, or intentional conduct inconsistent with the right." *Ulico Cas. Co. v. Allied Pilots Ass'n*, 262 S.W.3d 773, 778 (Tex. 2008). The central element is intent, which must be unequivocally manifested. Where waiver is claimed by inference rather than express renunciation, "it is the burden of the party who is to benefit . . . to produce conclusive evidence that the opposite party unequivocally manifested its intent to no longer assert its claim."[2]

Two obstacles block the Thompsons from establishing waiver by

---

[1] The dependent claims are for breach of contract, suit to quiet title, and violation of Section 392.301(a)(8) of the Texas Finance Code.

[2] *Sgroe v. Wells Fargo Bank, N.A.*, 941 F. Supp. 2d 731, 748 (E.D. Tex. 2013) (internal quotation marks omitted) (quoting *G.H. Bass & Co. v. Dalsan Prop.–Abilene*, 885 S.W.2d 572, 577 (Tex. App.—Dallas 1994, no writ)). *See also Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 239–40 (5th Cir. 2014).

3

inference.  First, the DOT explicitly disclaims any waiver through the delay of foreclosure: "Any forbearance by Lender in exercising any right or remedy . . . shall not be a waiver of or preclude the exercise of any right or remedy."  We take that language at face value.[3]

Moreover, none of BOA's alleged actions is inconsistent with its right to foreclose upon default.  There is no evidence that BOA made any affirmative promise that it would not foreclose or would continue offering postponements.  Nor did the bank indicate, by word or action, that the Thompsons could stop paying or underpay their loan obligations without triggering acceleration or foreclosure.  To the contrary, BOA sent them notices informing them that they were in default and subject to foreclosure; the fact that BOA also invited them to apply for a possible loan modification is not inconsistent with that.  Postponing a foreclosure sale to give borrowers the opportunity to apply for a loan modification or negotiate other accommodations does not manifest an intent to waive the right to foreclose.[4]

In light of this, summary judgment is proper on the three claims that rely on this theory.  Because BOA did not waive its right, its foreclosure was not prohibited under Section 392.301(a)(8) and was not a breach of the loan agreement.  Nor can the Thompsons maintain their quiet-title action, because they cannot show a superior interest in the property.

---

[3] The Thompsons rely on *U.S. Bank, Nat'l Ass'n v. Kobernick*, 454 F. App'x 307 (5th Cir. 2011), for the principle that "a nonwaiver clause may, in some circumstances, be waived." But they do not explain how that general rule applies to these facts. Regardless, that case is distinguishable because it involved acts that more clearly evinced the bank's intent to waive its right to declare default.

[4] *See Williams,* 560 F. App'x at 239–40, *Watson v. CitiMortgage, Inc.*, 530 F. App'x 322, 326–27 (5th Cir. 2013); *Robinson v. Wells Fargo Bank, N.A.*, 576 F. App'x 358, 363–64 (5th Cir. 2014).

No. 14-10560

B.

The Thompsons appeal two other claims under the TDCA. They first assert that BOA violated Section 392.304(a)(8) of the Texas Finance Code, which prohibits "misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding." "To violate the TDCA using a misrepresentation, the debt collector must have made an *affirmative statement* that was false or misleading."[5] The only statements that the Thompsons cite concern the status of their loan-modification application; they claim that BOA misrepresented that their application was under review, that BOA needed or received documents, and that a trial payment plan was being created. Yet those statements do not relate to the character of the debt, which is what the statute requires. In *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 723 (5th Cir. 2013), this court held that a claim under Section 392.304(a)(8) failed because the plaintiffs "always were aware (i) that they had a mortgage debt; (ii) of the specific amount that they owed; (iii) and that they had defaulted," and nothing suggested that the mortgage company had stated otherwise. In this context, statements about loan-modification applications and the postponement of foreclosure do not concern the "character, extent, or amount of" the home loan, so they are not covered by the statute. *Id.*

Finally, the Thompsons appeal their claim under Section 392.304(a)(19), the TDCA's catchall provision that prohibits "using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer." For this, they rely on the same alleged statements, all relating to

---

[5] *Verdin v. Fed. Nat. Mortg. Ass'n*, 540 F. App'x 253, 257 (5th Cir. 2013) (internal quotation marks omitted); s*ee also Chavez v. Wells Fargo Bank, N.A.*, 578 F. App'x 345, 348 (5th Cir. 2014) (quoting the same standard); *Williams*, 560 F. App'x at 241 (same); *Robinson*, 576 F. App'x at 363 (same).

No. 14-10560

the preparation and review of their modification application.  But none of the alleged statements violates the statute.  Communications in connection with the renegotiation of a loan do not concern the collection of a debt but, instead, relate to its *modification* and thus they do not state a claim under Section 392.304(a)(19).[6]  For this reason, we have previously rejected TDCA claims arising from similar facts: a protracted process of applying for modification that ends in foreclosure.[7]  This case is analogous, and the district court did not err in granting summary judgment on these two claims.

## III.

Lastly, we consider the evidentiary rulings excluding three exhibits.  We review for abuse of discretion the evidentiary decisions made for purposes of summary judgment.  *Munoz v. Orr*, 200 F.3d 291, 300 (5th Cir. 2000).  The court first excluded Exhibits B and D as not properly authenticated under Federal Rule of Evidence 901.  Exhibit B is a printoff from the HOPE Loan Portal, an online log maintained by Impact to catalogue any updates with the Thompsons' loan-modification application; Exhibit D is a handwritten call log seemingly created by Impact employees as they contacted BOA for updates by telephone.  "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is."  FED. R. EVID. 901(a).  That is not a heavy burden, and circumstantial evidence or testimony by a knowledgeable witness can be sufficient.[8]  In the case of an exhibit purported to represent an electronic source, such as a website or chat logs, testimony by a

---

[6] *See Singha v. BAC Home Loans Serv., L.P.*, 564 F. App'x 65, 70–71 (5th Cir. 2014).

[7] *Id.*; *see also Thomas v. EMC Mortg. Corp.*, 499 F. App'x 337, 343 (5th Cir. 2012).

[8] *United States v. Barlow*, 568 F.3d 215, 220 (5th Cir. 2009); *In re McLain*, 516 F.3d 301, 308 (5th Cir. 2008).

witness with direct knowledge of the source, stating that the exhibit fairly and fully reproduces it, may be enough to authenticate.[9]

The Thompsons fail to meet this standard. At no point does the affidavit say that they have personal knowledge of the online log or that it represents an unaltered version of the website. They similarly do not assert direct knowledge of the call log. That is likely because, by all indications, those logs were created and maintained by Impact, not the Thompsons. Nor do the logs have characteristics that would authenticate them from their own appearance under Rule 901(b)(4). We cannot say that the district court erred, much less abused its discretion, in excluding the two exhibits as unauthenticated.

The final exhibit at issue is Exhibit E, which consists of a number of sworn declarations by former BOA employees as part of a separate lawsuit. The declarations describe various instances in which BOA employees were instructed to interact dishonestly with mortgage customers. The district court excluded the exhibit for two independent reasons: as inadmissible evidence of prior bad acts under Federal Rule of Evidence 404 and as unduly prejudicial under Federal Rule of Evidence 403. But the Thompsons fail to address the district court's reasoning in their briefs or explain how either rationale was erroneous. As a result, they have waived the issue on appeal.[10]

The summary judgment is AFFIRMED.

---

[9] *See Barlow*, 568 F.3d at 220 (affirming, under plain-error review, the authentication of online chat logs by testimony from one participant); *see also Osborn v. Butler*, 712 F. Supp. 2d 1134, 1146–47 (D. Idaho 2010) (finding a website properly authenticated where a knowledgeable witness's affidavit "explains that he printed the website, gave the website address, and represented that it had not been altered or changed from the form maintained at the website address").

[10] FED. R. APP. P. 28(a)(8)(A); *United States v. Martinez*, 263 F.3d 436–38 (5th Cir. 2001).

No. 14-10560

GRAVES, Circuit Judge, concurring:

I agree with the majority that the district court's grant of summary judgment should be affirmed because Bank of America did not waive its right to foreclose and made no actionable misrepresentations. I write separately to clarify my view with respect to whether misrepresentations made during a loan renegotiation may be actionable under Section 392.304(a)(19) of the Texas Debt Collection Act.

The majority holds that the alleged misrepresentations on which the Thompsons rely are not actionable under Section 392.304(a)(19) because they were made in connection with the renegotiation of a loan rather than the collection of a debt. I agree. Section 392.304(a)(19)'s catchall language prohibits the use of "any other false representation or deceptive means," not already delineated in the statute, "to collect a debt or obtain information concerning a consumer." Section 392.001(a)(5), in turn, defines "debt collection" as "an action, conduct, or practice in collecting, or in soliciting for collection, consumer debts that are due or alleged to be due a creditor." Therefore, as this court held in *Singha v. BAC Home Loans Serv., L.P.*, 564 F. App'x 65, 70–71 (5th Cir. 2014), an unpublished opinion on which the majority relies, misrepresentations that are made solely in connection with a loan renegotiation are not, in and of themselves, debt collection activities under the Texas Debt Collection Act. *Singa*, however, did "not announce a rule that modification discussions may never be debt collections activities," *id.* at 71, and in my view, there may be circumstances in which misrepresentations made during such discussions are actionable. Because I do not read the majority opinion as holding otherwise, however, I concur.