**Jackson STALLINGS; Sheila Stallings, Plaintiffs–Appellants**

v.

**CITIMORTGAGE, INCORPORATED; Federal Home Loan Mortgage Corporation, Defendants–Appellees.**

No. 14–41324
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Aug. 4, 2015.

Jack B. Peacock, Jr., David M. Vereeke, Gagnon, Peacock & Vereeke, P.C., Dallas, TX, for Plaintiffs–Appellants.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Arthur Elex Anthony, Esq., Thomas F. Loose, Esq., Senior Litigation Attorney, Robert Thompson Mowrey, Locke Lord, L.L.P., Dallas, TX, for Defendants–Appellees.

Before SMITH, WIENER, and ELROD, Circuit Judges.

JERRY E. SMITH, Circuit Judge: *

The plaintiff homeowners appeal the dismissal of certain state-law claims against their bank after they defaulted on their home loan and the bank foreclosed. Because the claims lack merit, we affirm.

## I.

Jackson and Sheila Stallings refinanced their home loan in 2002, executing a note and deed of trust ("DOT") that were assigned to CitiMortgage, Inc. ("Citi"). In March 2010, the Stallingses defaulted and made no more payments. Citi sent several notices alerting them to the default and giving the opportunity to cure, but they did not bring the loan current. In August 2011, Citi sent a final notice informing the Stallingses that it would accelerate the entire loan if it was not current by September 3. They did not cure the default, so Citi accelerated the loan and began foreclosure proceedings on September 30.

In October, while proceedings were pending, Citi sent the Stallingses an informational packet informing them about the possibility of applying for a loan modification and avoiding foreclosure. The accompanying letter explicitly stated that Citi was not suspending foreclosure or waiving any rights under the note. Then, over the course of ten months, the Stallingses applied for a modification, submitting multiple rounds of paperwork, and Citi delayed the foreclosure sale, all the while warning that the foreclosure had not stopped.

Finally, on August 7, 2012, Citi foreclosed, and the next day it informed the Stallingses that it had denied the loan-modification application. The Stallingses sued the bank in state court under a number of theories, and Citi removed to federal court based on diversity jurisdiction. The district court dismissed the bulk of the claims under Federal Rule of Civil Procedure 12(b)(6), and the remainder were dismissed by summary judgment.

## II.

The Stallingses appeal on six claims: breach of contract, violations of the Texas Debt Collection Act ("TDCA"), negligent misrepresentation, quiet title, trespass to try title, and declaratory judgment. We examine each claim in turn.

### A.

The breach-of-contract claim is based on the notion that Citi waived its right to foreclose by delaying the foreclosure sale several times while the loan-modification application was pending. That claim is foreclosed by *Thompson v. Bank of America National Association*, 783 F.3d 1022, 1025–26 (5th Cir.2015). The DOT expressly reserves the right to foreclose notwithstanding any forbearance, and none of the bank's alleged actions is inconsistent with its right to foreclose. As a result, dismissal was appropriate.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

### B.

The two claims under the TDCA are also defeated by *Thompson.* The Stallingses cannot succeed under Texas Finance Code Section 392.304(a)(8) because "statements about loan-modification applications and the postponement of foreclosure do not concern the character, extent, or amount of the home loan." *Thompson,* 783 F.3d at 1026 (internal quotation marks omitted).[1] The claim under Section 392.304(a)(19) fails because "[c]ommunications in connection with the renegotiation of a loan do not concern the collection of a debt but, instead, relate to its *modification....*" *Id.* As a result, the Stallingses have failed to demonstrate that Citi violated the TDCA.

### C.

Regarding the negligent-misrepresentation claim, the Stallingses maintain that Citi promised not to foreclose until the application process was completed. They also point to a letter dated August 2, 2012, in which Citi stated that they had until September 4, 2012, to submit additional documents for their modification application. As we now know, the bank foreclosed on August 7, before that deadline had lapsed.

But this negligent-misrepresentation theory faces several roadblocks. Foremost, any promise not to foreclose while the loan-modification application was pending cannot sustain the claim. As this court has observed multiple times in similar contexts, "under Texas law, promises of future

action are not actionable as a negligent-misrepresentation tort." *De Franceschi v. BAC Home Loans Servicing, L.P.,* 477 Fed.Appx. 200, 205 (5th Cir.2012) (citing *Scherer v. Angell,* 253 S.W.3d 777, 781 (Tex.App.–Amarillo 2007, no pet.)).[2] Further, the Stallingses have not established that the statements included in the August 2 letter or made elsewhere were false; Citi makes no statement in the letter that foreclosure is delayed or canceled.

Finally, as the magistrate judge observed when recommending summary judgment, the Stallingses were unable to produce evidence of damages, suffered as a consequence of the alleged misrepresentations, that were outside the loan contract. Under Texas law, the economic-loss doctrine precludes the Stallingses from recovering economic losses on this tort claim when they are also subject to contract claims. *See Nguyen v. Fed. Nat'l Mortg. Ass'n,* 958 F.Supp.2d 781, 792 (S.D.Tex. 2013) (citing state cases). That reasoning also warrants affirming the summary judgment.

### D.

Given the foregoing analysis, we affirm the dismissal of the claims for quiet title, trespass to try title, and declaratory judgment. Quiet-title claims and trespass-to-try-title claims require a plaintiff to prove a basis for his right to title. But because the Stallingses have not demonstrated that they have any independently valid claims against the foreclosure, they cannot show a superior interest in the property, so these claims were properly dismissed.[3] That

---

1. *See also Miller v. BAC Home Loans Servicing, L.P.,* 726 F.3d 717, 723 (5th Cir.2013).

2. *See also Thomas v. EMC Mortg. Corp.,* 499 Fed.Appx. 337, 342 (5th Cir.2012); *Milton v. U.S. Bank Nat'l Ass'n,* 508 Fed.Appx. 326, 329 (5th Cir.2013); *Massey v. EMC Mortg. Corp.,* 546 Fed.Appx. 477, 482 (5th Cir.2013); *Cha-*

*vez v. Wells Fargo Bank, N.A.,* 578 Fed.Appx. 345, 349 (5th Cir.2014).

3. *See Martin v. Amerman,* 133 S.W.3d 262, 265 (Tex.2004); *Thompson,* 783 F.3d at 1026; *Singha v. BAC Home Loans Servicing, L.P.,* 564 Fed.Appx. 65, 72 (5th Cir.2014).

general principle applies to the request for declaratory judgment, which is remedial in nature. When the other claims have been dismissed, it is appropriate also to dismiss any declaratory-judgment request. *See, e.g., Williams v. Wells Fargo Bank, N.A.,* 560 Fed.Appx. 233, 243 (5th Cir.2014).

AFFIRMED.