# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60536
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 8, 2016

Lyle W. Cayce
Clerk

MARCUS SCIROCCO; SUMMER SCIROCCO,

      Plaintiffs - Appellants

v.

FORD MOTOR COMPANY,

      Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:13-CV-128

Before STEWART, Chief Judge, and OWEN and COSTA, Circuit Judges.

PER CURIAM:*

Marcus and Summer Scirocco ("the Sciroccos") appeal the district court's grant of summary judgment in favor of Ford Motor Company ("Ford") on their claims under the Mississippi Products Liability Act (the "MPLA"). We AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60536

I.

On June 24, 2010, Summer Scirocco ("Summer") was driving her 2010 Ford Fusion on a Mississippi highway. She testified that as she drove downhill, her vehicle began to make grinding noises. Though she never applied the brakes, the car unexpectedly decelerated and came to an abrupt, complete stop. Summer testified that, as a result of the sudden downshift, she was thrown forward into the steering wheel, injuring her neck, shoulder, and face.

The Sciroccos' vehicle was taken to the Lakeside Ford dealership for repairs; while there, its powertrain control module ("PCM") was updated to a newer software version. A Lakeside Ford technician entered the Fusion's vehicle identification number into the Ford OASIS program. As a result, the program identified any outstanding service actions or technical service bulletins related to the vehicle. Relevant here, the program identified TSB 09-18-3 (the "TSB"), which described harsh 3-1 or 2-1 rolling stop downshifts that could occur in certain Ford vehicles.

The Sciroccos sued Ford in Mississippi state court, asserting defective design, defective manufacturing, and breach of warranty claims under the MPLA. Ford removed the case to federal district court based on diversity of citizenship and eventually moved for summary judgment. The district court granted Ford's motion, finding that the Sciroccos: (1) lacked expert testimony to prove that the vehicle was defective; (2) failed to provide evidence that their vehicle had a defect; and (3) provided no evidence that they relied on any representations by Ford. The Sciroccos now appeal.

II.

This court reviews a district court's grant of summary judgment de novo, applying the same standard as did the district court. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). "Summary judgment is proper if the pleadings and evidence show there is no genuine issue of

No. 15-60536

material fact and the moving party is entitled to judgment as a matter of law." *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 650 (5th Cir. 2012) (citing Fed. R. Civ. P. 56(a)). "A genuine dispute of material fact exists when the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Davis v. Fort Bend Cty.*, 765 F.3d 480, 484 (5th Cir. 2014) (citation and internal quotation marks omitted).

III.

The Sciroccos contend that the district court erred in granting summary judgment in favor of Ford on their design defect, manufacturing defect, and breach of warranty claims. As explained below, the district court did not err with regard to any of these issues.

A.

"In order to recover in a products liability action based on a design defect, the plaintiffs must prove that at the time the product left the control of the manufacturer or seller: (1) the product was designed in a defective manner; (2) the defective condition rendered the product unreasonably dangerous to the user or consumer; and (3) the defective and unreasonably dangerous condition of the product was the proximate cause of the plaintiff's damages." *3M Co. v. Johnson*, 895 So. 2d 151, 161 (Miss. 2005).

In seeking summary judgment, Ford contends that the Sciroccos failed to create a genuine issue of material fact as to whether the asserted defect proximately caused Summer's injury. We agree. Here, the Sciroccos argue that the alleged defect—a faulty PCM that created an unexpected 3-1 downshift—caused the vehicle to come to an abrupt stop and throw her into the steering wheel. The evidence in the record does not support this argument. Instead, Robert Pascarella, Ford's corporate designee, and Clifton Bateman, a service technician, both testified that the condition identified in the TSB—an unexpected 3-1 downshift—would not cause a vehicle to come to an abrupt

No. 15-60536

stop.[1]  Because the Sciroccos failed to contradict this evidence, summary judgment was proper.

The Sciroccos also failed to create a genuine issue of fact as to whether the vehicle had the asserted defect at the time it was manufactured or at the time of the accident.  The Sciroccos point to the TSB, which provides: "Some . . . 2010 Fusion . . . vehicles . . . equipped with an automatic transmission may exhibit harsh 3-1 or 2-1 rolling stop downshift."  However, the TSB makes clear that it only informs "technicians of conditions that *may* occur on *some* vehicles" and "provides information that *could* assist in proper vehicle service" (emphasis added).  The TSB also warns consumers not to "assume that a condition described affects your car or truck."  Notably, the TSB also shows that the described condition would potentially affect vehicles only with a certain software model.  The Sciroccos provide no evidence that their vehicle had the condition described in the TSB or even had the software model that could render the TSB applicable.[2]  Because there is no evidence that the Sciroccos' vehicle had the purported defect, the district court did not err in granting summary judgment.

B.

The Sciroccos' manufacturing defect claim fails for much the same reason.  To succeed on a manufacturing defect claim, a plaintiff must show, at the time the product left the control of the manufacturer or seller: (1) the

---

[1] The Sciroccos contend that Pascarella agreed that a 3-1 downshift would cause an abrupt, complete stop.  However, in his cited testimony, Pascarella asserted the opposite, stating that the vehicle would not come to an abrupt stop.

[2] Nor is Summer's accident sufficient to create a factual dispute on this issue.  *See Creel v. Gen. Motors Corp.*, 233 So. 2d 105, 109 (Miss. 1970) (noting that "the mere fact" of an accident's occurrence is no evidence of a breach of duty by the manufacturer); *see also Wolf v. Stanley Works*, 757 So. 2d 316, 321 (Miss. Ct. App. 2000) ("The evidentiary obligation for the plaintiff . . . is to create a fact dispute of a design defect in the [product] and not just prove that an accident occurred.").  This is particularly true in light of the uncontradicted testimony that the condition described in the TSB is not consistent with the Sciroccos' accident.

4

No. 15-60536

product deviated in a material way from the manufacturer's specifications or from otherwise identical units manufactured to the same manufacturing specifications; (2) the defective condition rendered the product unreasonably dangerous to the user or consumer; and (3) the defective and unreasonably dangerous condition of the product proximately caused the damages for which recovery is sought. Miss. Code Ann. § 11-1-63(a). As with their design defect claims, the Sciroccos failed to create a factual dispute as to whether their vehicle had the alleged defect or whether the asserted defect was the proximate cause of their damages.[3]

## C.

Finally, the Sciroccos contend that the district court erroneously granted summary judgment on their breach of warranty claim. To prevail on an express warranty claim, a plaintiff must show, *inter alia,* "that the product either 'breached an express warranty or failed to conform to other express factual representations' upon which he justifiably relied in electing to use the product." *Forbes v. Gen. Motors Corp.*, 935 So. 2d 869, 875 (Miss. 2006) (quoting Miss. Code Ann. § 11-1-63(a)(i)(4)) (emphasis omitted). The district court found that the Sciroccos provided no evidence that they relied on any representation when they decided to purchase or use their vehicle. The Sciroccos "fail to address the district court's reasoning in their briefs or explain how [its] rationale was erroneous," and have thus waived this challenge on

---

[3] The district court also found that the Sciroccos would be unable to meet their burden of proof without expert testimony, because this is a "highly technical" case. We have previously noted "that the MPLA's plain language does *not* state expert testimony is required *per se* to prove a design defect." *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 331 (5th Cir. 2004). However, expert testimony can be required based on the specific facts of the case. *See Ala. Great S. R.R. Co. v. Jobes*, 156 So. 3d 871, 883 (Miss. 2015) (reversing denial of summary judgment where plaintiff failed to offer expert testimony on issues "beyond the capabilities of the average lay person"). Because the Sciroccos fail to meet their summary judgment burden for other reasons, we need not decide whether expert testimony was required.

No. 15-60536

appeal. *Thompson v. Bank of Am., Nat'l Ass'n*, 783 F.3d 1022, 1027 (5th Cir. 2015).

## IV.

The judgment of the district court is AFFIRMED.