# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-11806

United States Court of Appeals
Fifth Circuit

**FILED**

January 22, 2018

Lyle W. Cayce
Clerk

GEORGE CLARK; VELMA CLARK,

Plaintiffs–Appellants,

v.

DEUTSCHE BANK NATIONAL TRUST COMPANY, as trustee for Morgan Stanley ABS Capital I, Incorporated, Trust 2006-HE3; WELLS FARGO BANK, N.A., doing business as America's Servicing Company,

Defendants–Appellees.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:14-CV-3590

Before STEWART, Chief Judge, and JOLLY and OWEN, Circuit Judges.
PER CURIAM:*

George and Velma Clark (the Clarks) defaulted on their home equity loan. After Deutsche Bank National Trust Company and Wells Fargo Bank, N.A. (the Creditors) took steps to foreclose on the home, the Clarks sued. The district court granted the Creditors' motion to dismiss. The Clarks have

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-11806

appealed only the dismissal of their § 392.304(a)(19) claim under the Texas Debt Collection Act (TDCA). We affirm the judgment of the district court.

## I

We assume the facts are as the Clarks have presented them. They executed a Texas Home Equity Note on their house in Rowlett, Texas in 2006. Deutsche Bank National Trust Company was assigned the loan and Wells Fargo Bank, N.A. became the loan servicer. Because of the TDCA's two-year statute of limitations, only the Clarks' allegations of improper loan practices occurring on or after August 28, 2012, may provide the factual basis for this appeal.[1]

In 2011, the Clarks defaulted on their home equity loan. Throughout 2013, the Clarks attempted to modify their loan to help remedy the default. On December 13, 2013, the Clarks received what they describe as a letter of eligibility for a Home Affordable Modification Program (HAMP) loan from Wells Fargo. The letter of eligibility states in part:

> Now that we've received your documents, our loan processing team will carefully review what you've submitted to determine if you are eligible for mortgage payment relief under the Home Affordable Modification Program. I will follow up with you by Sunday, January 12, 2014 to outline next steps in the process and address any additional documents that might be needed to complete our review. While we are reviewing your information . . . your home will not be referred to foreclosure . . . . [I]t's important for you to continue making your regular mortgage payments until you hear from us.

---

[1] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003 ("[A] person must bring suit for . . . injury to the estate . . . not later than two years after the day the cause of action accrues."); *Galindo v Snoody*, 415 S.W.3d 905, 911 (Tex. App.—Texarkana 2013, no pet.) ("The parties agree that the two-year statute of limitations applies to all of [plaintiff's TDCA] claims.").

No. 16-11806

The Clarks immediately sent in the HAMP loan application with the requested documentation. The complaint states that one week later, the Clarks received a letter stating that they failed to qualify "because [Wells Fargo] is prohibited from adjusting the original terms of the mortgage due to state law restrictions as provided under Texas Constitution Art. 16, Sec. 50 (a)(6)." The Creditors then filed an Application for Home Equity Foreclosure Order on the Clarks' house, which was approved.

In response, the Clarks filed this lawsuit against the Creditors in state court, asserting claims for breach of contract and violations of the TDCA. The foreclosure proceeding was automatically stayed upon filing.[2] The Creditors removed this action to federal court and filed a motion to dismiss. The district court granted the motion in part, but allowed the Clarks to re-plead several of their claims, including the § 392.304(a)(19) TDCA claim under the Texas Finance Code. In their second amended complaint, the Clarks alleged that the Creditors "[u]se[d] false representations or deceptive means to collect a debt and obtain information concerning a consumer, violating § 392.304(a)(19) of the Texas Finance Code." In particular, "[Creditors] deceptively instructed and encouraged [the Clarks] to apply for the HAMP loan modification" and "made affirmative statements about [the Clarks' loan] and a HAMP loan modification" even though this modification was not available to the Clarks. As a result of these alleged wrongdoings, the Clarks sought damages including "attorney's fees . . . , mental anguish, emotional distress, anxiety, depression, humiliation, apprehension, discomfort, annoyance," and the "value of the time lost in attempting to correct [the Creditors'] errors."

The Creditors again moved to dismiss. The district court granted the Creditors' motion and dismissed all of the Clarks' claims with prejudice, in part

---

[2] *See* TEX. R. CIV. P. 736.11.

No. 16-11806

because the complaint failed to allege that any violation of the TDCA resulted in damages.  The Clarks filed a notice of appeal, challenging only the district court's dismissal of their § 392.304(a)(19) claim.

## II

We review "a district court's dismissal under a Rule 12(b)(6) motion *de novo*, accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiffs."[3]  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[4] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[5]  However, a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[6]

## III

The Clarks allege that the district court erred in dismissing their claim under § 392.304(a)(19) of the Texas Finance Code.  All other issues were not briefed on appeal, and are thus waived.[7]  The Clarks failed to state a cause of

---

[3] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (quoting *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009)).

[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[5] *Id.*

[6] *Twombly*, 550 U.S. at 555.

[7] *Sama v. Hannigan*, 669 F.3d 585, 589 (5th Cir. 2012) (citing *United States v. Thibodeaux*, 211 F.3d 910, 912 (5th Cir. 2000)).

action upon which relief may be granted, and the district court properly dismissed this claim.[8]

Section 392.304(a)(19) is the TDCA's "catchall provision."[9]  It prohibits debt collectors from "using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer."[10]  To maintain a cause of action under § 392.304(a)(19), "the debt collector must have made an *affirmative statement* that was false or misleading."[11]  Referring vaguely to "using a false representation or deceptive means to collect a debt . . . is not sufficient to overcome dismissal under Rule 12(b)(6)."[12]

The Clarks allege that the Creditors violated § 392.304(a)(19) by making "affirmative statements" encouraging the Clarks to apply for a HAMP loan modification, even though they would not be approved for this modification. However, none of the Creditors' alleged statements—including the letter of eligibility—affirmatively represented that the Clarks qualified or would qualify for the loan modification program.  In an unpublished opinion, this court made clear that even when a creditor tells a debtor "not to worry" about qualifying for a loan modification, such encouragement is not an affirmative statement upon which relief may be granted under § 392.304(a)(19).[13]

Furthermore, the Clarks fail to allege a cause of action because, as we held in *Thompson v. Bank of America National Association*, "[c]ommunications

---

[8] *U.S. ex rel. Doe v. Dow Chem. Co.*, 343 F.3d 325, 330 (5th Cir. 2003) ("[T]his Court may affirm on any grounds supported by the record below.").

[9] *Thompson v. Bank of Am. Nat'l Ass'n*, 783 F.3d 1022, 1026 (5th Cir. 2015).

[10] TEX. FIN. CODE ANN. § 392.304(a)(19).

[11] *Thompson,* 783 F.3d at 1026 (emphasis in original) (quoting *Verdin v. Fed. Nat'l Mortg. Ass'n,* 540 F. App'x 253, 257 (5th Cir. 2014) (per curiam) (unpublished)).

[12] *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 724 (5th Cir. 2013) (quotation marks omitted).

[13] *Chavez v. Wells Fargo Bank, N.A.*, 578 F. App'x 345, 348 (5th Cir. 2014) (per curiam) (unpublished).

in connection with the renegotiation of a loan do not concern the collection of a debt but, instead, relate to its *modification* and thus they do not state a claim under Section 392.304(a)(19)."[14]  The Clarks do not dispute that their alleged misrepresentations relate solely to loan modifications.  They instead assert that *Thompson* does not foreclose their loan-modification claim because a concurring opinion in *Thompson* stated that there may "be circumstances in which misrepresentations made during [loan] discussions are actionable."[15]  The district court agreed, holding that the Clarks' allegations came within § 392.304(a)(19).  However, this interpretation improperly reads an exception into the *Thompson* majority's unconditional holding that loan-renegotiation communications do not state a claim under § 392.304(a)(19).

The Clarks rely on loan-modification discussions in the letter of eligibility to support their § 392.304(a)(19) claim.  Yet we have repeatedly rejected similar TDCA claims arising from protracted loan-modification discussions that end in foreclosure.[16]  *Thompson* establishes that loan modification discussions are not within the scope of § 392.304(a)(19).[17]  Accordingly, the district court did not err in granting the Creditors' motion to dismiss because the Clarks failed to allege any affirmative factual statement

---

[14] *Thompson*, 783 F.3d at 1026 (emphasis in original).

[15] *Id.* at 1028 (Graves, J., concurring) (citing *Singha v. BAC Home Loans Servicing, L.P.,* 564 F. App'x 65, 71 (5th Cir. 2014) (per curiam) (unpublished)).

[16] *Id.* at 1026-27 (majority opinion) (citing *Singha*, 564 F. App'x at 70-71; *Thomas v. EMC Mortg. Corp.*, 499 F. App'x 337, 343 (5th Cir. 2012) (unpublished)).

[17] *Id.* at 1026; s*ee also Bassknight v. Deutsche Bank Nat'l Tr. Co.*, 611 F. App'x 222, 223 (5th Cir. 2015) (per curiam) (unpublished) (citing *Thompson* for the proposition that "[t]here is no viable [TDCA] claim when a mortgagee *discusses* a loan modification" (emphasis in original)); *Rabe v. Wells Fargo Bank, N.A.*, 616 F. App'x 729, 734-35 (5th Cir. 2015) (per curiam) (unpublished) (citing *Thompson* in holding that a letter pertaining to a loan-modification application is not an actionable affirmative statement under § 392.304(a)(19)).

No. 16-11806

"that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[18]

\*    \*    \*

For the foregoing reasons, we AFFIRM the judgment of the district court.

---

[18] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).