# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 26, 2021

Lyle W. Cayce
Clerk

No. 20-10751

United States of America,

*Plaintiff—Appellee*,

*versus*

Trey Craig Kimbrell,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
No. 5:19-CR-101-1

Before Smith, Stewart, and Ho, *Circuit Judges*.

Per Curiam:*

Trey Kimbrell pleaded guilty of being a convicted felon unlawfully in possession of a firearm and was sentenced, at the top of the guideline range, to 37 months' imprisonment. Kimbrell appeals the guideline calculation. He contends that the district court erred when it assessed a criminal history point under U.S.S.G. § 4A1.1(c) for a 2017 burglary charge that was disposed of under Texas Penal Code § 12.45. Specifically, Kimbrell avers that a disposition under § 12.45 is not a "conviction" for purposes of U.S.S.G.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-10751

§ 4A1.2(a)(4), so that disposition did not yield a "prior sentence" justifying the assessment of a criminal history point. That is a question of law, which we review *de novo*. *United States v. Valdez-Valdez*, 143 F.3d 196, 197–98 (5th Cir. 1998).

Kimbrell asserts that the "only" issue is "whether an unadjudicated Texas offense disposed of via TEX. PEN. CODE § 12.45 constitutes a 'conviction' for the purposes of U.S.S.G. § 4A1.2(a)(4)." But that argument misconstrues the district court's ruling. The record reflects that the court adopted the government's theory that a criminal history point was assessed correctly under U.S.S.G. § 4A1.2(f). Thus, the court concluded that the burglary charge disposed of under § 12.45 was a "diversionary disposition resulting from a finding or admission of guilt" and assessed a criminal history point accordingly. U.S.S.G. §§ 4A1.1(c), 4A1.2(f).

Kimbrell fails to address that conclusion at all, much less engage with "the district court's reasoning . . . or explain how [its] rationale was erroneous." *Thompson v. Bank of Am. Nat'l Ass'n*, 783 F.3d 1022, 1027 (5th Cir. 2015). Accordingly, he has forfeited the only issue on appeal. *See id.*; FED. R. APP. P. 28(a)(8)(A) ("The appellant's brief must contain . . . the argument, which [in turn] must contain[ ] appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies[.]").[1]

AFFIRMED.

---

[1] Although we "ha[ve] the discretion to consider inadequately briefed claims," *Monteon-Camargo v. Barr*, 918 F.3d 423, 428 (5th Cir. 2019), we opt not to do so here. The issue properly on appeal is whether a charge disposed of per § 12.45 constitutes a diversionary disposition for purposes of U.S.S.G. § 4A1.2(f). That is an important *res nova* issue that we decline to address without the benefit of adversarial briefing. *See Kaley v. United States*, 571 U.S. 320, 338 (2014) ("[T]he adversarial process leads to better, more accurate decision-making.").