# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 3, 2021

Lyle W. Cayce
Clerk

No. 21-20072

Suniverse, L.L.C.,

*Plaintiff—Appellant*,

*versus*

Encore Credit Corporation, doing business as ECC Credit Corporation of Texas; LaSalle Bank National Association, as Trustee for Certificate Holders of Bear Stearns Asset Backed Securities I LLC, Asset Backed Certificates, Series 2006-HE10; JPMorgan Chase Bank, National Association; U.S. Bank, N.A., Successor Trustee to LaSalle Bank National Association, on behalf of the holders of Bear Stearns Asset Backed Securities I Trust 2006-HE10, Asset Backed Certificates Series 2006-HE-10; Select Portfolio Servicing, Incorporated; Mortgage Electronic Registration Systems, Incorporated,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CV-2331

Before Stewart, Ho, and Engelhardt, *Circuit Judges*.

No. 21-20072

Per Curiam:*

Suniverse LLC appeals the summary judgment in favor of Defendants. Because there are no genuine disputes of material fact as to Defendants' rescission of acceleration, we AFFIRM.

## I. Factual and Procedural History

On September 25, 2006, Carol Reed took out a home equity loan worth $528,000.00 on her residence in Richmond, Texas. Encore Credit Corporation ("Encore") was the lender on the note, and Reed executed a Deed of Trust in favor of Encore to secure the note. The Deed of Trust was filed with Fort Bend County on October 3, 2006. Ownership of the note changed hands several times, and U.S. Bank is the current holder of the note. Select Portfolio Servicing Inc. ("SPS") has serviced the note since June 1, 2013.

On November 4, 2014, SPS sent Reed a Notice of Default that advised her that she had one month to cure the default by paying $568,059.71. The notice informed her that if she failed to cure the default, "the Noteholder [would] accelerate all payments owing on [the] Note and require that [she] pay all payments owing on [the] Note and require that [she] pay all payments owing and sums secured by the Security Instrument in full." On May 21, 2015, SPS sent Reed a Notice of Acceleration. The Notice of Acceleration advised Reed that:

> Because of default in payment of the monthly mortgage payments due under the Note, the Mortgagee has elected to ACCELERATE the maturity of the debt and declare all sums due under the Note immediately due and payable without

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-20072

further demand, and is proceeding to foreclose in accordance with Tex. Const. Art. XVI § 50(a)(50)(D) and under the terms of the Security Instrument.

On May 11, 2017, SPS filed an application for expedited foreclosure in state court, and the court granted the application on August 21, 2017. SPS never foreclosed on the property, and on March 12, 2019, SPS sent Reed a Notice of Rescission of Acceleration of Note ("Notice of Rescission") stating that:

> Pursuant to Texas Civil Practice and Remedies Code § 16.038, the owner of the Note, in the original principal amount of $528,000.00 dated September 25, 2006, secured by a lien on the property located at 818 Kings Forest Lane, Richmond, TX 77469, (the "Note") hereby rescinds all previous notices of acceleration of the Note. This notice does not waive past defaults on the Note nor does it waive or affect the Note owner's right to accelerate the maturity of the Note in the future.

On March 13, 2019, SPS sent Reed a letter offering to enter a new repayment plan (with a lower interest rate than her original note) and giving her until April 6, 2019 to accept the offer. Reed did not expressly accept the offer and she did not make any payments on the loan. On March 28, 2019, SPS sent Reed a new Notice of Acceleration and a Notice of Trustee's Sale indicating that the property would be sold on May 7, 2019. The foreclosure sale never occurred.

Previously, in January 2018, Reed gave a warranty deed to her home to Harris Houston Homes LLC ("Harris Homes"). Harris Homes then gave a warranty deed to the property to Suniverse LLC ("Suniverse") in May 2018. Suniverse filed this suit on May 28, 2019 asserting claims for declaratory judgment, quiet title, and an equitable right of redemption against Encore, SPS, and all other lending institutions that either owned or serviced the

No. 21-20072

note (collectively, "Defendants"). The parties filed cross motions for summary judgment. The district court adopted the magistrate judge's report and recommendation and entered summary judgment in favor of Defendants. This appeal followed.

## II. STANDARD OF REVIEW

We review a district court's grant of summary judgment de novo. *Poole v. City of Shreveport*, 691 F.3d 624, 627 (5th Cir. 2012). We will "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

## III. DISCUSSION

On appeal, Suniverse argues that the district court erred because there are genuine factual disputes about Defendants' rescission of acceleration. We disagree.

Suniverse first argues that the statute of limitations for Defendants to foreclose on the property expired and that Defendants therefore lost their ability to foreclose on the property. "A sale of real property under a power of sale in a mortgage or deed of trust that creates a real property lien must be made not later than four years after the day the cause of action accrues." TEX. CIV. PRAC. & REM. CODE § 16.035(b). "On the expiration of the four-year limitations period, the real property lien and a power of sale to enforce the real property lien become void." *Id.* at § 16.035(d). The four-year limitations period "does not begin to run until the maturity date of the last note, obligation, or installment." *Id.* at § 16.035(e).

When a note contains an optional acceleration clause, default begins when the holder accelerates the note. *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001). Before lenders can foreclose, they

4

No. 21-20072

must provide "clear and unequivocal" notices of intent to accelerate and notices of acceleration. *Shumway v. Horizon Credit Corp.*, 801 S.W.2d 890, 892 (Tex. 1991). Acceleration can be reversed, inter alia[1], when a lender rescinds or waives acceleration under section 16.038(a). That section provides that:

> If the maturity date of . . . a note or obligation payable in installments is accelerated, and the accelerated maturity date is rescinded or waived in accordance with this section before the limitations period expires, the acceleration is deemed rescinded and waived and the note . . . shall be governed by Section 16.035 as if no acceleration had occurred.

*See* TEX. CIV. PRAC. & REM. CODE § 16.038(a).

Rescissions or waivers are valid under section 16.038 when lienholders or debt servicers give written notice to persons who are obligated to pay debts (according to the records of the lienholder or servicer of the debt) before the limitations period expires. *Id.* at § 16.038(b).  Here, SPS sent Reed a written Notice of Rescission within four years of the May 21, 2015 Notice of Acceleration. SPS's Notice of Rescission complies with section 16.038(b) and effectively withdrew the prior acceleration. Defendants are therefore not barred by the statute of limitations that expired on May 21, 2019.

Suniverse next argues that even if the March 12, 2019 Notice of Rescission complies with section 16.038 and provides some evidence that Defendants rescinded acceleration, the March and April 2019 statements[2] evidence Defendants' continued plan to accelerate the note. Suniverse concludes that since Defendants did not adequately rescind their acceleration,

---

[1] *See Boren v. U.S. Nat'l Bank Ass'n*, 807 F.3d 99, 105–06 (5th Cir. 2015).

[2] Both were sent after the Notice of Rescission.

they are beholden to the four-year statute of limitations in section 16.035(b) and are barred from seeking a foreclosure sale.

We disagree with Suniverse's position. While lenders may abandon their right of acceleration by their conduct, *see Sexton v. Deutsche Bank Nat'l Trust Co.*, 731 F. App'x 302, 305–08 (5th Cir. 2018), it is unclear whether Texas law permits them to abandon the abandonment of (or in other words, to revive) their acceleration via conduct. Moreover, any intent to abandon must be "unequivocally manifested." *Id.* at 305 (citing *Thompson v. Bank of Am. Nat'l Ass'n*, 783 F.3d 1022, 1025 (5th Cir. 2015)). The two mortgage statements do not evidence a clear and unequivocal intent to revive Defendants' right of acceleration. Defendants' Notice of Rescission clearly states that "the owner of the Note . . . hereby rescind[] all previous notices of acceleration of the Note." This statutory method of rescission is a "best practice for a lender seeking to effectuate its abandonment." *Boren v. U.S. Nat. Bank Ass'n*, 807 F.3d 99, 106 (5th Cir. 2015).  The two mortgage statements do not raise a genuine factual dispute about whether Defendants adequately rescinded the May 21, 2015 acceleration of the note. We thus conclude that the district court's summary judgment in favor of Defendants was proper.

## IV. CONCLUSION

For the aforementioned reasons, the judgment of the district court is AFFIRMED.