# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 20, 2022

Lyle W. Cayce
Clerk

No. 20-30568

David Weinhoffer, *as liquidating trustee of* Offshore Specialty Fabricators L.L.C.,

*Plaintiff—Appellant*,

*versus*

Davie Shoring, Incorporated,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:19-CV-11175

Before Higginbotham, Southwick, and Engelhardt, *Circuit Judges*.

Patrick E. Higginbotham, *Circuit Judge*:

David Weinhoffer and Davie Shoring, Inc., dispute the terms of an online auction. We review whether evidence of the terms was properly admitted. Because the district court abused its discretion by improperly admitting evidence and taking judicial notice of the terms, we reverse the judgment of the district court and remand this case for further proceedings.

No. 20-30568

## I.

Offshore Specialty Fabricators L.L.C. ("OSF") was subject to a Chapter 11 bankruptcy plan administered by liquidating trustee David Weinhoffer. OSF contracted with Henderson Auctions to auction off a large housing module. Henderson advertised and hosted the auction on its website, but when auction participants clicked on the link to bid, they were directed to Proxibid, a third-party website, where they could view the auction's terms and conditions and place their bids. Among these terms was a term declaring that bidders would be liable for only 20% of the bid price in the event of a breach of contract. Instead of using the website, Warren Davie, Davie Shoring's principal, placed the winning bid of $177,500 on a phone call with a Henderson employee. After the auction concluded, Davie Shoring refused to pay for the module when it proved difficult to remove from storage.

Weinhoffer brought suit as OSF's liquidating trustee, seeking recovery of Davie Shoring's bid of $177,500. Weinhoffer's breach of sale contract claim was tried in a bench trial. Davie Shoring argued that the terms of the auction limited the damages to 20% of the winning bid, here $35,500. Davie testified that he read the auction terms, including the 20% damages limitation, on Henderson's website before bidding. At trial, Davie Shoring introduced the auction terms and conditions in two forms: (1) as an internet printout labeled "Exhibit 41" and (2) as an archived webpage from a website known as the "Wayback Machine," an online archive of web pages.[1]

Davie Shoring introduced Exhibit 41 through the testimony of Renita Martin, Henderson's office manager. However, Martin testified that Exhibit

---

[1] "The Wayback Machine is an online digital archive of web pages. It is run by the Internet Archive, a nonprofit library in San Francisco, California." *Mojave Desert Holdings, LLC v. Crocs, Inc.*, 844 F. App'x 343, 346 n.2 (Fed. Cir. 2021).

No. 20-30568

41 had not been in Henderson's possession "because the auction was no longer up on [Henderson's] website." Instead, Martin searched for the auction terms on Proxibid's website to produce them in response to the subpoena. Martin explained that even if the auction page were still live on Henderson's website, the terms and conditions would only be accessible if one clicked on the link to Proxibid's separate website.

Weinhoffer objected to Exhibit 41, contending that it was irrelevant, unauthenticated, and hearsay. The district court ruled that Martin had properly authenticated Exhibit 41 because, although she was not its author, her job description indicated that she was a proper custodian. The district court also ruled that Exhibit 41 was within one of Federal Rule of Evidence 803's hearsay exceptions.

Davie Shoring's counsel requested that, in addition to admitting Exhibit 41, the district court take judicial notice of the same terms in an archived version of the Proxibid webpage, available on the Wayback Machine. The district court took judicial notice of the terms and conditions as they appeared in the archived webpage, explaining that the archived webpage was a "source[] whose accuracy cannot reasonably be questioned" under Federal Rule of Evidence 201.

The district court relied on Exhibit 41 to determine that the "Special Terms" provided "plaintiff's sole and exclusive remedy" for breach, limiting Weinhoffer's recovery to 20% of Davie Shoring's bid. The district court entered judgment for Weinhoffer in the amount of $35,500 plus costs. Weinhoffer timely appealed.

## II.

"We review evidentiary rulings only for abuse of discretion and will reverse a judgment on the basis of evidentiary rulings only if the challenged

No. 20-30568

ruling affects a substantial right of the party."[2] We apply the same standard when reviewing a district court's use of judicial notice.[3] "In a bench trial, reversal is only warranted if all of the competent evidence is insufficient to support the judgment, or if it affirmatively appears that the incompetent evidence induced the court to make an essential finding which it otherwise would not have made."[4]

## III.

We first address whether the admission of Exhibit 41 was proper under the Federal Rules of Evidence. As Exhibit 41 was not properly authenticated, we reverse the district court.

## A.

Authentication is a condition precedent to admissibility.[5] The party offering an exhibit must produce evidence sufficient to support a finding that the item is what the proponent claims it to be.[6] Where a website or electronic source is concerned, "testimony by a witness with direct knowledge of the source, stating that the exhibit fairly and fully reproduces it, may be enough to authenticate."[7] Although a witness need not be a document's author to authenticate it for purposes of Rule 901,[8] we have observed that a witness

---

[2] *S. Pac. Transp. Co. v. Chabert*, 973 F.2d 441, 448 (5th Cir. 1992).

[3] *Ctr. for Biological Diversity, Inc. v. BP Am. Prod. Co.*, 704 F.3d 413, 422 (5th Cir. 2013).

[4] *S. Pac. Transp. Co.*, 973 F.2d at 448.

[5] *United States v. Jackson*, 636 F.3d 687, 693 (5th Cir. 2011) (citing FED. R. EVID. 901(a)).

[6] *Id.*

[7] *Thompson v. Bank of America Nat. Ass'n*, 783 F.3d 1022, 1027 (5th Cir. 2015).

[8] *United States v. Duncan*, 919 F.2d 981, 986 (5th Cir. 1990).

No. 20-30568

attempting to authenticate online content as evidence was unlikely to have the requisite direct knowledge where that content was created and maintained by a third party.[9]

Martin's testimony is the only way Davie Shoring attempted to authenticate Exhibit 41. However, Martin had no personal knowledge of the terms applicable to the auction. Martin had to search a third party's website to obtain the terms because Henderson did not have them in its possession. Moreover, Martin's testimony indicates that she was unfamiliar with Proxibid's website and that she needed the assistance of a colleague to locate the terms. Thus, Martin's authentication testimony only amounts to an affirmation of her memory that Exhibit 41 is what she found on the internet.

Although the standard for authentication is low, Martin had inadequate direct knowledge to authenticate Exhibit 41. Davie Shoring could have avoided running afoul of Rule 901 by calling someone with more direct knowledge of Proxibid's recordkeeping. The district court abused its discretion by relying on inadmissible evidence when it reduced Weinhoffer's damages; we accordingly reverse its ruling.

**B.**

Although Exhibit 41 was inadmissible due to improper authentication, we write further for the benefit of the parties and the district court following remand. At trial, Weinhoffer's counsel also objected to Exhibit 41 as hearsay. Hearsay evidence is generally inadmissible, but Rule 803 provides exceptions to this prohibition.[10] The district court ruled that Exhibit 41 "fits under Federal Rule of Evidence 803" because Martin was a proper custodian who

---

[9] *Thompson*, 783 F.3d at 1027.

[10] Fed. R. Evid. 803.

No. 20-30568

gave testimony at trial regarding the exhibit's origins. The district court did not specify which exception applied, but the business records exception in Rule 803(6) is the only exception Davie Shoring cites on appeal.

Rule 803(6)(D) requires that a custodian or qualified witness testify as to an exhibit's ability to qualify as a business record. Weinhoffer argues that Martin was not a proper custodian or qualified witness for Exhibit 41. This Court has explained that a "qualified witness is one who can explain the record keeping system of the organization and vouch that the requirements of Rule 803(6) are met."[11] This requires the witness to be "familiar with the record keeping procedures of the organization"[12]

Martin is not a proper custodian or qualified witness as to Exhibit 41 as a business record. Martin was Henderson's employee, but Henderson did not have custody of the record contained in Exhibit 41; Proxibid did. Martin was not familiar with Proxibid's record keeping procedures and cannot testify that the other requirements of the Rule 803(6) are met. Because the district court's ruling that Exhibit 41 "fit under 803" was a legal error, it was an abuse of discretion.[13]

## IV.

In addition to admitting Exhibit 41 into evidence, the district court took judicial notice of the terms from an archived webpage on the premise that the Wayback Machine constitutes a source whose accuracy cannot reasonably be questioned as required by Rule 201(b)(2). None of our sister circuits have squarely addressed whether archival internet sources like the

---

[11] *United States v. Iredia*, 866 F.2d 114, 120 (5th Cir. 1989) (per curiam).

[12] *United States v. Brown*, 553 F.3d 768, 793 (5th Cir. 2008) (internal quotations omitted).

[13] *Marlin v. Moody Nat. Bank, N.A.*, 533 F.3d 374, 377 (5th Cir. 2008).

No. 20-30568

Wayback Machine possess the "high degree of indisputability [that] is the essential prerequisite" of judicial notice.[14] A brief Federal Circuit order denied a motion to take judicial notice of content from the Wayback Machine because it was not first offered to the district court.[15] Many district courts have since relied on that Federal Circuit decision to justify taking judicial notice of an archived webpage, even though the Federal Circuit did not hold that taking judicial notice of archived information was appropriate.[16] However, other district courts have held that evidence from the Wayback Machine "is not so reliable and self-explanatory that it may be an appropriate candidate for judicial notice."[17] In this circuit, a district court found that documents from the Wayback Machine were not appropriate for judicial notice, citing the Wayback Machine's terms of use which disclaim any guarantees of accuracy regarding content stored there.[18]

A more recent Federal Circuit decision discussed whether Wayback Machine content was publicly accessible.[19] At issue was whether an exhibit was authenticated as identical to the document viewed by the patent

---

[14] FED. R. EVID. 201 (advisory committee notes to the 1972 amendments).

[15] *Juniper Networks, Inc. v. Shipley*, 394 F. App'x 713 (Fed. Cir. 2010). *Juniper* cited *O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218 (10th Cir. 2007), but the object of judicial notice in *O'Toole* was historical data actively available on the defendant's website, not information coming from an internet archive.

[16] *See e.g. Pohl v. MH Sub I, LLC*, 332 F.R.D. 713, 716 (N.D. Fla. 2019); *In re Methyl Tertiary Butyl Ether (MTBE) Prod. Liab. Litig.*, No. 07 CIV. 10470, 2013 WL 6869410, at *4 (S.D.N.Y. Dec. 30, 2013).

[17] *My Health, Inc. v. Gen. Elec. Co.*, No. 15-CV-80-JDP, 2015 WL 9474293, at *4 (W.D. Wis. Dec. 28, 2015); *see also Nassar v. Nassar*, No. 3:14-CV-1501-J-34MCR, 2017 WL 26859, at *5 (M.D. Fla. Jan. 3, 2017).

[18] *Ward v. Am. Airlines, Inc.*, No. 4:20-CV-00371-O, 2020 WL 8300505, at *1 (N.D. Tex. Oct. 16, 2020).

[19] *Valve Corp. v. Ironburg Inventions Ltd.*, 8 F.4th 1364 (Fed. Cir. 2021).

No. 20-30568

examiner and whether the exhibit could be prior art. There, the Federal Circuit held that judicial notice of the Wayback Machine could be used to establish that an otherwise authenticated exhibit was publicly accessible on the webpage's archive date as determined by a patent examiner who was "trained and required to determine publication dates."[20] Here, the Wayback Machine content containing the auction terms has not been otherwise authenticated.

Beyond the context of judicial notice, our sister circuits have allowed district courts to rely on archived webpages where someone with personal knowledge of the reliability of the archive service has been authenticated pursuant to Rule 901.[21] This reliance on personal knowledge indicates that exhibits derived from these sources are not inherently or self-evidently reliable in the same way as documents designated as self-authenticating by Rule 902.

Here, there was no testimony to authenticate the archived webpage.[22] Our sister circuits' decisions that the Wayback Machine is not self-authenticating are persuasive in the context of judicial notice. In sum, the district court erred in taking judicial notice of the terms because a private internet archive falls short of being a source whose accuracy cannot reasonably be questioned as required by Rule 201.

---

[20] *Id.* at 1374–75.

[21] *See United States v. Gasperini*, 894 F.3d 482, 490 (2d Cir. 2018); *Specht v. Google Inc.*, 747 F.3d 929, 933 (7th Cir. 2014); *United States v. Bansal*, 663 F.3d 634, 667–68 (3d Cir. 2011).

[22] The Wayback Machine's "Using The Wayback Machine" webpage instructs users on how to request affidavits to authenticate Wayback Machine pages as "certified records for use in legal proceedings." *See* Internet Archive, *Using the Wayback Machine*, http://help.archive.org/hc/en-us/articles/360004651732-Using-The-Wayback-Machine (last visited January 20, 2022).

No. 20-30568

## V.

Finally, we turn to whether these errors affected Weinhoffer's substantial rights.[23] The district court relied on Exhibit 41, judicial notice of the Wayback Machine, and Martin's testimony as the primary bases for its decision. While the testimony of Warren Davie may have further supported the district court's decision, it affirmatively appears that incompetent evidence induced the district court to make an essential finding regarding the auction terms that it otherwise would not have made.[24] Accordingly, the errors were not harmless and they affected Weinhoffer's substantial rights.[25]

## VI.

We REVERSE the judgment of the district court and REMAND the case for further proceedings consistent with this opinion.

---

[23] *Bocanegra v. Vicmar Servs., Inc.*, 320 F.3d 581, 584 (5th Cir. 2003).

[24] *S. Pac. Transp. Co.*, 973 F.2d at 448.

[25] *Carlson v. Bioremedi Therapeutic Sys., Inc.*, 822 F.3d 194, 202 (5th Cir. 2016).