**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**February 18, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

———————————————————

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JESUS EDUARDO WIRICHAGA-
LANDAVAZO,

    Defendant - Appellant.

No. 21-4070
(D.C. No. 2:14-CR-00517-TS-1)

———————————————————

**ORDER AND JUDGMENT**[*]

———————————————————

Before **HOLMES**, **KELLY,** and **ROSSMAN**, Circuit Judges.

———————————————————

Jesus Eduardo Wirichaga-Landavazo appeals the district court's denial of his

motion to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A), commonly known as

compassionate release. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

**I.  Background**

In 2015, Mr. Wirichaga-Landavazo pled guilty to conspiracy to distribute

methamphetamine in violation of 21 U.S.C. § 846 and illegal reentry in violation of

———————————————

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

8 U.S.C. § 1326. The district court sentenced him to 180 months of imprisonment and 5 years of supervised release. Mr. Wirichaga-Landavazo's projected release date is October 15, 2027.

In March 2021, Mr. Wirichaga-Landavazo filed a pro se motion for compassionate release under § 3582(c)(1)(A). He argued that extraordinary and compelling reasons warranted a sentence reduction because, during the COVID-19 pandemic, he was "particularly at risk due to his pre-existing latent tuberculosis." R. vol. 1 at 37. In support, Mr. Wirichaga-Landavazo cited several cases where district courts purportedly granted compassionate release based on COVID-19 and tuberculosis. He also cited the CDC's general COVID-19 webpage with a parenthetical explaining that "people of all ages with pre-existing health condition[s] identified by C.D.C., have a higher risk of severe illness from affected COVID-19 individuals." *Id.* (citing CDC, COVID-19 (March 2021), www.cdc.gov/coronavirus/2019-ncov).

The government filed a form opposition, checking a box to indicate the defendant had failed to present extraordinary and compelling reasons warranting a reduced sentence. The government also specified that Mr. Wirichaga-Landavazo did "not have a condition that places him at greater risk of serious illness from COVID-19." R. vol. 1 at 54. It explained "the CDC identifies certain types of individuals who are potentially at higher risk for severe illness from COVID-19," citing the CDC's webpage for "People with Certain Medical Conditions." *Id.* (citing CDC, People with Certain Medical Conditions (March 29, 2021), www.cdc.gov/coronavirus/2019-ncov/need-extra-

precautions/people-with-medical-conditions.html). "Tuberculosis," according to the government, was "not a listed condition that elevates COVID-19 risk." *Id.*[1]

The district court entered a form order, checking the box for "DENIED after complete review of the motion on the merits." *Id.* at 105. In the "[o]ptional" section for "factors considered," the district court's explanation echoed the government: "Defendant has failed to present 'extraordinary and compelling reasons' warranting his release. Defendant argues that his history of tuberculosis places him at a greater risk of severe illness from COVID-19. However, the Centers for Disease Control and Prevention does not identify tuberculosis as a condition that elevates COVID-19 risk." *Id.* (all caps removed).

Mr. Wirichaga-Landavazo, now represented by counsel, timely appealed.

## II. Discussion

Under 18 U.S.C. § 3582(c)(1)(A), a district court may grant a motion for reduction of sentence if three requirements are met: "(1) the district court finds that

---

[1] Elsewhere, the government's form response suggested that if tuberculosis were on the CDC's list, the government would have conceded the "extraordinary and compelling" requirement. *See* R. vol. 1 at 55 (including option to check box indicating "Defendant has satisfied the requirement of 'extraordinary and compelling reasons' warranting a sentence reduction due to a diagnosis of the following conditions which CDC determined puts an individual at elevated risk of serious illness from COVID-19"). The government has historically taken this position, hence the parties'—and the court's—focus on the CDC's list of medical conditions. *See, e.g.*, *United States v. Avalos*, 856 F. App'x 199, 201 (10th Cir. 2021) ("The district court noted that the Department of Justice had 'recently adopted the position that an inmate who presents with one of the risk factors identified by the [CDC] should be considered as having an "extraordinary and compelling reason" warranting a sentence reduction.'") (citation omitted).

extraordinary and compelling reasons warrant such a reduction; (2) the district court finds that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) the district court considers the factors set forth in § 3553(a), to the extent that they are applicable." *United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021). Only the first requirement—extraordinary and compelling reasons—is at issue here. District courts "have the authority to determine for themselves what constitutes 'extraordinary and compelling reasons.'" *Id.* at 1045.

"We review the denial of a sentence reduction under § 3582(c) for abuse of discretion." *United States v. Avalos*, 856 F. App'x 199, 202 (10th Cir. 2021) (citing *United States v. Mannie*, 971 F.3d 1145, 1154 (10th Cir. 2020)). "A district court abuses its discretion when it relies on an incorrect conclusion of law or a clearly erroneous finding of fact." *United States v. Piper*, 839 F.3d 1261, 1265 (10th Cir. 2016) (quoting *United States v. Battle*, 706 F.3d 1313, 1317 (10th Cir. 2013)). "A finding of fact is clearly erroneous if it is without factual support in the record or if, after reviewing all of the evidence, we are left with the definite and firm conviction that a mistake has been made." *Hamric v. Wilderness Expeditions, Inc.*, 6 F.4th 1108, 1119 (10th Cir. 2021) (quoting *Ellis v. J.R.'s Country Stores, Inc.*, 779 F.3d 1184, 1192 (10th Cir. 2015)).

Mr. Wirichaga-Landavazo argues that the district court abused its discretion by relying on a clearly erroneous fact—that the CDC "does not identify tuberculosis as a condition that elevates COVID-19 risk." R. vol. 1 at 105. In his opening brief, Mr. Wirichaga-Landavazo points out that, at least at the time of appeal, the "CDC

4

webpage on 'People with Certain Medical Conditions' does, in fact, include tuberculosis: 'Having tuberculosis can make you more likely to get severely ill from COVID-19.'" Appellant's Opening Br. 12 (quoting www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html). Thus, he concludes, the district relied on a clearly erroneous fact.

However, in his reply, Mr. Wirichaga-Landavazo concedes the webpage did not list tuberculosis at the time the district court issued its order, and he does not contend we can find clear error based on such a change in the factual record.[2] Nevertheless, he argues the district court's finding was clearly erroneous because another then-existing CDC webpage indicated that tuberculosis could, under certain circumstances, increase the risk of severe illness from COVID-19. In support, Mr. Wirichaga-Landavazo points to an unpublished district court order discussing the CDC's tuberculosis-specific webpage, which warned, "TB patients who are at least 65 years old; have respiratory compromise from their TB; or other medical conditions, including HIV and other immunocompromising conditions, are at greater

---

[2] The government asks this Court to take judicial notice of an archived version of the CDC webpage from the Wayback Machine, an "online digital archive of web pages[] . . . run by the Internet Archive, a nonprofit library in San Francisco," to prove that tuberculosis was not, in fact, listed at the time the district court rendered its decision. Appellee's Br. 8, n.3 (quoting *Valve Corp. v. Ironburg Inventions Ltd.*, 8 F.4th 1364, 1374 (Fed. Cir. 2021)). We accept Mr. Wirichaga-Landavazo's concession and need not decide whether the Wayback Machine is judicially noticeable. *See generally Weinhoffer v. Davie Shoring, Inc.*, 23 F.4th 579, 583-84 (5th Cir. 2022) (holding, as a matter of first impression among the circuits, the district court abused its discretion in taking judicial notice of facts based on an archived webpage from the Wayback Machine).

risk for severe COVID-19 infection." *United States v. Carter*, No. 11-CR-131-F-1, 2020 WL 7768422, at *5 (D. Wyo. Dec. 30, 2020) (quoting CDC, Tuberculosis and Public Health Emergencies, www.cdc.gov/tb/education/public-health-emergencies.htm (accessed on December 29, 2020)). Thus, Mr. Wirichaga-Landavazo argues, the district court's blanket statement that the CDC "does not identify tuberculosis as a condition that elevates COVID-19 risk" is clearly erroneous.

We disagree. The district court's factual finding, viewed in the context of the arguments and evidence before it, was not clearly erroneous. Mr. Wirichaga-Landavazo argued that his latent tuberculosis in itself put him at an increased risk of severe illness from COVID-19. Both parties referred the district court to the CDC's COVID-19 webpage identifying medical conditions that increase the likelihood of severe illness. Implicit in Mr. Wirichaga-Landavazo's argument was tuberculosis would be on that list, and the government pointed out that it was not. The district court's finding that the CDC "does not identify tuberculosis as a condition that elevates COVID-19 risk" accurately described that tuberculosis was not on the list. R. vol. 1 at 105. As such, it was not a clearly erroneous factual finding. That a different CDC webpage, also available at the time of the order, indicated tuberculosis could, under some circumstances, increase the risk of serious illness does not sufficiently undermine that conclusion—Mr. Wirichaga-Landavazo did not cite this webpage in the district court, nor did he allege that any of the circumstances identified by the CDC applied to him. Accordingly, the district court's order denying

the motion for compassionate release was not based on a clearly erroneous factual finding.

Although we conclude the district court did not commit reversible error, we agree with Mr. Wirichaga-Landavazo that the district court's only stated basis for denying his motion depends on a fact that is no longer true. Thus, as the government expressly acknowledges, Mr. Wirichaga-Landavazo may file a new compassionate release motion in the district court based on the CDC's recent recognition that tuberculosis is one of the medical conditions increasing the risk of severe illness from COVID-19.

### III.  Conclusion

The district court's denial of Mr. Wirichaga-Landavazo's motion to reduce sentence is affirmed.

Entered for the Court

Veronica S. Rossman
Circuit Judge